# EXHIBIT A

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Universitas Education, LLC (judgment creditor) | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-1590-LTS-HBP |
| Nova Group, Inc., as trustee, sponsor and fiduciary of the Charter Oak Trust (judgment debtor) | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jack E. Robinson, 300 First Stamford Place, Suite 201, Stamford, CT 06902

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please also see the Attachment hereto.

| Place: Loeb & Loeb LLP<br>345 Park Avenue, 18th Floor<br>New York, NY 10154 | Date and Time:<br><br>07/19/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/25/2012

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR  _____ |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Universitas Education, LLC (judgment creditor) _____ , who issues or requests this subpoena, are:
Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
Email: mbarnett@loeb.com; Phone: 212-407-4163

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11-1590-LTS-HBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,        :

                -against-            :       Case No. 11 CV 1590-LTS-HBP

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :     **NOTICE OF DEPOSITION**

                Judgment Debtor.     :
--------------------------------------------------------------X
To: Jack E. Robinson

Address: 300 First Stamford Place, Suite 201, Stamford, CT 06902

     THIS NOTICE OF DEPOSITION, ISSUED PURSUANT TO N.Y. C.P.L.R. § 5224
AND FEDERAL RULES OF CIVIL PROCEDURE 30 AND 69, REQUIRES YOUR
PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED.

     **WHEREAS,** in an action in the United States District Court for the Southern District of
New York (Swain, J.), between Universitas Education, LLC ("Universitas") as petitioner and
Nova Group, Inc. ("Nova Group") as respondent, and as trustee, sponsor and fiduciary of the
Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), a judgment was entered on June
7, 2012 in favor of Universitas and against Nova Group in the amount of $30,181,880.30, which,
along with post-judgment interest that has accrued thereon since June 7, 2012, remains due and
unpaid;

     **NOW, THEREFORE, WE COMMAND YOU** to appear and attend at the offices of
Loeb & Loeb LLP,  345 Park Avenue, 18th Floor, New York, NY 10154, at 9 a.m. on Thursday,
July 19, 2012 and at any recessed or adjourned date set thereafter, for the taking of a deposition
under oath upon oral questions before a stenographer on all matters relevant to the satisfaction of
such judgment.

     /
     /
     /
     /
     /
     /

/

New York, NY

Dated: June 25, 2012

LOEB & LOEB LLP

By: _____

Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Judgment Creditor*
*Universitas Education, LLC*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,      :

        -against-             :

NOVA GROUP, INC., as Trustee, Sponsor and   :
Fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :

                Judgment Debtors.
------------------------------------------------------------X

Case No. 11 CV 1590-LTS-HBP

**POST-JUDGMENT RESTRAINING
NOTICE AND INFORMATION
SUBPOENA**

To: **Law Offices of Jack E. Robinson**
300 First Stamford Place, Suite 201
Stamford, CT 06902

## RESTRAINING NOTICE

      **WHEREAS,** in an action in the United States District Court for the Southern District of New York (Swain, J.), between Universitas Education, LLC ("Universitas") as Petitioner, and Nova Group, Inc. ("Nova Group") as Respondent, and as Trustee, Sponsor and Fiduciary of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), a judgment was entered on June 7, 2012 in favor of Universitas in the amount of $30,181,880.30 (copy attached hereto), which, along with post-judgment interest that has accrued thereon since June 7, 2012, remains due and unpaid;

      **WHEREAS,** it appears that you may owe a debt to Nova Group or the Charter Oak Trust, or may be in possession of property in which Nova Group and/or the Charter Oak Trust has an interest;

      **TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to cause, make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

      **TAKE FURTHER NOTICE** that this notice also covers all property in which Nova Group and/or the Charter Oak Trust has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to Nova Group and/or the Charter Oak Trust.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

## INFORMATION SUBPOENA

**WHEREAS,** in an action in the United States District Court for the Southern District of New York (Swain, J.), between Universitas Education, LLC ("Universitas") as Petitioner, and Nova Group, Inc. ("Nova Group") as Respondent, and as Trustee, Sponsor and Fiduciary of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), a judgment was entered on June 7, 2012 in favor of Universitas in the amount of $30,181,880.30, which, along with post-judgment interest that has accrued thereon since June 7, 2012, remains due and unpaid;

**NOW, THEREFORE, WE COMMAND YOU,** pursuant to Federal Rule of Civil Procedure 69 and Rule 5224 of the N.Y. Civil Practice Law and Rules, to have an officer,

2

director, agent, partner, principal or employee, having knowledge of the information herein requested, make answer to the questions and prompts attached herein as **ATTACHMENT NO. 1** in writing under oath, each question to be answered separately and fully, using additional sheets appended if necessary, and return the original of the questions together with the answers to the undersigned in the prepaid addressed return envelope accompanying this subpoena within **seven (7) days** of their receipt.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

I, undersigned counsel, hereby certify that this Information Subpoena complies with Rule 5224 of the N.Y. Civil Practice Law and Rules and Section 601 of the N.Y. General Business Law, and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

New York, NY
Dated: July 11, 2012

LOEB & LOEB LLP

By: _____
Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Judgment Creditor*
*Universitas Education, LLC*

3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/7/12_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

Petitioner,                     11 **CIVIL** 1590 (LTS)(HBP)

-against-                                    **JUDGMENT**

                                            # 12, 1003
NOVA GROUP, INC.,

Respondent.
------------------------------------------------------------X

Petitioner Universitas Education, LLC having moved to confirm a January 24, 2011 Phase

I arbitration award against Respondent Nova Group, Inc.; Respondent having cross-moved to vacate

the award, and the matter having been brought before the Honorable Laura T. Swain, United States

District Judge, and the Court, on June 5, 2012, having issued its Memorandum Order granting the

petition for confirmation of the Award, denying Respondent's cross-motion for vacatur of the Award

is denied, and directing the Clerk of Court to enter judgment confirming the January 24, 2011, Phase

I Arbitration Award, awarding Petitioner $26,558,308.36, plus interest thereon from January 24,

2011, at the rate of 10% per annum ($3,623,571.94), for a total judgment of $30,181,880.30, and

closing this case as well as the member case, No. 11 Civ. 8726, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Memorandum Order dated June 5, 2012, the petition for confirmation of the award

is granted; Respondent's cross-motion for vacatur of the Award is denied; and judgment is entered

confirming the January 24, 2011, Phase I Arbitration Award, awarding Petitioner $26,558,308.36,

plus interest thereon from January 24, 2011, at the rate of 10% per annum ($3,623,571.94), for a

total judgment of $30,181,880.30; accordingly, this case is closed as well as the member case, No.

11 Civ. 8726.

**Dated:** New York, New York
June 7, 2012

RUBY J. KRAJICK

Clerk of Court

BY:

Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

## ATTACHMENT NO. 1 – INFORMATION SUBPOENA

Re: *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11 CV 01590-LTS (Southern District of New York)

STATE OF _____, COUNTY OF _____

_____, being sworn, deposes and says: that deponent is the _____ of _____, recipient of an information subpoena herein and of the questions and prompts accompanying said subpoena. The answers set forth are made from information obtained from records of the recipient and accord with the Definitions and Instructions listed in the attached Schedule A.

1.      State the amount of funds being held pursuant to the Restraining Notice served herewith.

2.      Identify every person, banking institution, entity and/or other source that has sent or delivered money, funds and/or property to your firm for services that your firm has provided to or for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

3.      Identify the amount of money, funds and/or property being held at or by your firm, whether in escrow or not, for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

4

4.      State whether there are or have been any bank, brokerage or trust accounts standing in the name of or for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee; and/or whether there exist any bank, brokerage or trust accounts in which Nova Group and/or the Charter Oak Trust has or had an interest, whether under the name of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee, under any other name or nominee, or in association with others.  For each such account, state the name of the bank where the account is/was located, the account number, the date the account opened, the amounts presently on deposit, and the date the account closed (if applicable).

5.      Identify all loans and/or lines of credit, and all security agreements, funding agreements and/or promissory notes, to which either Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey is a party, signatory or beneficiary.

Sworn to before on _____ 2012

_____

The name signed must be printed beneath

## SCHEDULE A TO INFORMATION SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise noted, each question and prompt in the Information Subpoena covers the time period of October 1, 2006 to the present.

2.      These questions and prompts incorporate herein the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

3.      "Nova Group, Inc." and "Nova Group" refer to a corporation that has a purported business address at 100 Grist Mill Road, Simsbury, Connecticut.

4.      "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan and the Charter Oak Trust, which may bear the federal Tax Identification Number 20-6225830.

5.      "Trustee Wayne H. Bursey" and "Wayne H. Bursey as Trustee" refers to Wayne H. Bursey, of Connecticut, in his capacity as the President of Nova Group and Trustee of the Charter Oak Trust.

6.      This Information Subpoena applies to information contained within all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, designees, alter egos, agents, managers, employees, representatives, attorneys, custodians, nominees, or any other person.

7.      In the event that you contend that any of the requests in the Information Subpoena are objectionable, in whole or in part, state with particularity each such objection and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Universitas Education, LLC (Judgment Creditor) | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   11 CV 1590-LTS-HBP |
| Nova Group, Inc., as trustee, sponsor and fiduciary | ) |
| of the Charter Oak Trust (Judgment Debtor) | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Law Offices of Jack E. Robinson
300 First Stamford Place, Suite 201, Stamford, CT 06902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see Schedule A attached hereto.

| Place:  Loeb & Loeb LLP | Date and Time: |
|---|---|
| 345 Park Avenue, 18th Floor, New York, NY 10154 | 07/25/2012 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  7/11/12

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Universitas Education, LLC (Judgment Creditor)_____, who issues or requests this subpoena, are:
Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
phone: 212-407-4163; email: mbarnett@loeb.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11 CV 1590-LTS-HBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      **(i)** expressly make the claim; and

      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A – LAW FIRM**

**DOCUMENT REQUESTS**

**Definitions and Instructions**

     A.     Unless otherwise noted, each document request covers the time period of October 1, 2006 to the present.

     B.     These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

     C.     "Nova Group, Inc." and "Nova Group" refer to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

     D.     "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan, which may bear the federal Tax Identification Number 20-6225830.

     E.     "Trustee Wayne H. Bursey" and "Wayne H. Bursey as Trustee" refer to Wayne H. Bursey, who is believed to reside at 22 High Hill Road, Bloomfield, Connecticut.

     F.     Daniel E. Carpenter refers to an individual, believed to be residing at 18 Pondside Lane in West Simsbury, Connecticut, who is or was an officer or director of Nova Group.

     G.     Grist Mill Capital, LLC refers to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

     H.     If any document or any portion of any document requested herein is redacted or withheld from production, describe the basis for redacting or withholding the document or portion thereof, including any claim of a privilege, in sufficient detail to permit a court to adjudicate the validity of your withholding the document, and identify each document so withheld by providing at least the following information:

     a.   the type of document (e.g., memorandum, letter, report);

     b.   the title and subject matter of the document;

1

    c.  the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document (including all copied recipients); and

    d.  a statement of (i) the nature of the legal privilege or protection claimed and (ii) the factual basis for that claim of privilege or protection

## Document Requests

1.    Documents sufficient to identify every person, banking institution, entity and/or other source that has sent or delivered money, funds and/or property to your firm for services that your firm has provided to or for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

2.    Documents sufficient to show the amount of money, funds and/or property being held at or by your firm, whether in escrow or not, for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

3.    Documents sufficient to show the amount and source of money, funds and/or property paid, delivered or sent to your firm by Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee, and documents sufficient to show the amount and source of money, funds and/or property paid, delivered or sent to your firm for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

4.    Documents sufficient to show the amount of money that Nova Group, the Charter Oak Trust and Trustee Wayne H. Bursey each owes to your firm.

5.    All agreements or documents relating to the retention or engagement of your firm for the provision of services to or for the benefit of Nova Group, the Charter Oak Trust, Wayne H. Bursey as Trustee, Daniel E. Carpenter and/or Grist Mill Capital, LLC.

6.    All escrow agreements or arrangements relating to or for the benefit of Nova Group, the Charter Oak Trust, Wayne H. Bursey as Trustee, Daniel E. Carpenter and/or Grist Mill Capital, LLC.

7.    Any conflict letters or other documents discussing conflicts of interest with respect to Nova Group, the Charter Oak Trust, Wayne H. Bursey as Trustee, Daniel E. Carpenter and/or Grist Mill Capital, LLC.

8.    All bills and invoices concerning services rendered or work performed by your firm for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

9.    Balance sheets, income statements, inventories, profit and loss statements, and all other documents and information showing the assets, property, expenses and liabilities of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

10.    Documents sufficient to show any amounts, obligations and/or debts due to Nova Group, the Charter Oak Trust, and/or Wayne H. Bursey as Trustee.

11.    Any other documents (not already requested in the requests set forth above) that have or may contain information concerning the identity, location and value of the property, income or assets of Nova Group and/or the Charter Oak Trust, including copies of all insurance policies held by Nova Group and/or the Charter Oak Trust, and copies of all insurance policies for which Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey is a beneficiary or owner.

12.    Copies of all statements (monthly, quarterly, yearly or otherwise), checks (fronts and backs of all checks) and/or wire transfers for bank, brokerage or trust accounts, whether active or inactive, open or closed:

    A.  Standing in the name of or for the benefit of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee; and/or

    B.  In which Nova Group and/or the Charter Oak Trust has or had an interest, whether under the name of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee, under any other name or nominee, or in association with others.

13.    All documents evidencing and/or explaining investments of or distributions from the Charter Oak Trust.

14.    Any legal opinions relating to or discussing the Charter Oak Trust.

3

15.     Any and all documents or communications provided by your firm, in response to an audit request, relating to Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

16.     All communications between or among Nova Group and M&T Bank, and all communications between or among the Charter Oak Trust and M&T Bank.

17.     Any and all communications with any law enforcement authorities, including the U.S. Attorney for the District of Connecticut, relating to or discussing Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

18.     Any and all documents provided to any law enforcement authorities, including the U.S. Attorney for the District of Connecticut, relating to or discussing Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

19.     Copies of all tax filings – state, federal or otherwise, with all schedules and attachments – for Nova Group and/or the Charter Oak Trust for the period January 1, 2006 to the present.

20.     All records and books of the Charter Oak Trust, including but not limited to accounts of receipts, disbursements, investments and other transactions, ledgers, cash receipts and disbursements, credit card statements, canceled checks, checking account statements and check book registers.

21.     Documents sufficient to show all claims, lawsuits, proceedings, liens or demands that have been threatened and/or filed against Nova Group and/or the Charter Oak Trust, and documents sufficient to show whether any claims for benefits or funds have been made against Nova Group and/or the Charter Oak Trust.

22.     Documents sufficient to show all claims, lawsuits, proceedings or liens that Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey has initiated, including but not limited to claims for insurance proceeds or insurance benefits made to an insurance carrier.

23.     Copies of all agreements for loans and/or lines of credit, and all security agreements, funding agreements and/or promissory notes:

A. Between, among or by the Charter Oak Trust and any other individual or entity, including (but not limited to) Grist Mill Capital, LLC, Plainfield Asset Management LLC, Caldwell Funding Corporation, Caldwell Life Strategies Corporation, Caldwell Life Holdings LLC, Caldwell Life Strategies LLC, Ridgewood Finance Inc., Ridgewood Finance II LLC, or Avon Capital, LLC; and

B. Between, among or by Nova Group and any other individual or entity, including (but not limited to) Grist Mill Capital, LLC, Plainfield Asset Management LLC, Caldwell Funding Corporation, Caldwell Life Strategies Corporation, Caldwell Life Holdings LLC, Caldwell Life Strategies LLC, Ridgewood Finance Inc., Ridgewood Finance II LLC, or Avon Capital, LLC.

24. Documents showing all transactions between or among Nova Group and:

A. Grist Mill Capital, LLC;

B. Plainfield Asset Management LLC;

C. Caldwell Funding Corporation;

D. Caldwell Life Strategies Corporation;

E. Caldwell Life Holdings LLC;

F. Caldwell Life Strategies LLC;

G. Ridgewood Finance Inc.;

H. Ridgewood Finance II LLC;

I. Avon Capital, LLC;

J. Christiana Bank & Trust Company;

5

K.  WSFS Bank;

L.  TD Bank;

M. Bank of America;

N.  M&T Bank

O.  Wayne H. Bursey;

P.  Molly Carpenter;

Q.  Daniel E. Carpenter; or

R.  Donald J. Trudeau

25.    Documents showing all transactions between or among the Charter Oak Trust and:

A.  Grist Mill Capital, LLC;

B.  Plainfield Asset Management LLC;

C.  Caldwell Funding Corporation;

D.  Caldwell Life Strategies Corporation;

E.  Caldwell Life Holdings LLC;

F.  Caldwell Life Strategies LLC;

G.  Ridgewood Finance Inc.;

H.  Ridgewood Finance II LLC;

I.   Avon Capital, LLC;

J.  Christiana Bank & Trust Company;

K.  TD Bank;

L.  Bank of America;

M.  WSFS Bank;

N.  M&T Bank

O.  Molly Carpenter;

P.  Wayne H. Bursey;

Q.  Daniel E. Carpenter; or

R.  Donald J. Trudeau

26.      Documents showing all transactions between or among Trustee Wayne H. Bursey and:

A.  Grist Mill Capital, LLC;

B.  Plainfield Asset Management LLC;

C.  Caldwell Funding Corporation;

D.  Caldwell Life Strategies Corporation;

E.  Caldwell Life Holdings LLC;

F.  Caldwell Life Strategies LLC;

G.  Ridgewood Finance Inc.;

H.  Ridgewood Finance II LLC;

7

I.   Avon Capital, LLC;

J.   Christiana Bank & Trust Company;

K.   TD Bank;

L.   Bank of America;

M.   WSFS Bank;

N.   M&T Bank

O.   Molly Carpenter;

P.   Wayne H. Bursey;

Q.   Daniel E. Carpenter; or

R.   Donald J. Trudeau