UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | : Case No.: 11 CV 1590-LTS-HBP |
| Petitioner, | : |
| v. | : |
| NOVA GROUP, INC., as Trustee, Sponsor And Named Fiduciary of the CHARTER OAK TRUST WELFARE BENEFIT PLAN, | : |
| Respondent. | : |
| NOVA GROUP, INC., as Trustee, Sponsor And Named Fiduciary of the CHARTER OAK TRUST WELFARE BENEFIT PLAN, | : Case No. 11 CV 8726-LTS-RLE |
| Petitioner, | : |
| v. | : |
| UNIVERSITAS EDUCATION, LLC, | : |
| Respondent. | : |

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO QUASH
CERTAIN SUBPOENAS ISSUED TO EIGHT BANKS**

Respondents Nova Group, Inc. ("Nova"), as the Sponsor, Trustee and Named Fiduciary of the Charter Oak Trust Welfare Benefit Plan (the "Trust"), submit this memorandum in further support of their motion to quash subpoenas ("Subpoenas") issued by Petitioner, Universitas Education, LLC ("Universitas"), to eight non-party banks. Nova and the Trust stand by their assertion that the Supoenas impermissibly seek protected documentation. Rather then repeat those arguments, this Reply will be limited reinforcing the assertion that compliance with the Subponeas at this juncture is premature.

As Nova and the Trust previously explained, the pendency of the fully briefed Motion for Reconsideration filed on June 21, 2012 (Doc. No. 46) justifies a stand-down from discovery until that motion is resolved.  Nova and the Trust understand and appreciate the case law recited by Universitas but such authorities should not be viewed in a vacuum.  Here, there is a substantial monetary judgment that is still the subject of significant dispute.  Until those issues have been resolved, the parties, and now numerous non-parties such as the eight banks, should not have to expend untold resources engaged in discovery that easily could be rendered moot in the near-term.  Accordingly, relief from compliance is more than warranted pending resolution of the Motion for Reconsideration.

More importantly, at the time that Nova and the Trust filed the Motion to Quash the Subpoenas, their Motion to Dismiss had been filed and had not yet been terminated by the Court.  Nova and the Trust apologize for the circumstances of that judicial termination but have been engaged in a dialogue with Universitas about the basis of their motion since that time.  Because that process is almost complete and because it is unlikely to completely resolve all issues, Nova and the Trust expect that a revised motion to dismiss for lack of subject matter jurisdiction will be filed shortly.  Once a question of jurisdiction arises, the Court should fully resolve that issue before taking further actions in the case.  "Questions of jurisdiction, of course, should be given priority-since if there is no jurisdiction there is no authority to sit in judgment of anything else." *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 778-79 (2000); *see also Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) ("We determine the existence of subject matter jurisdiction before addressing other threshold issues."); *Kinney v. Connecticut*, 622 F. Supp. 2d 1, 13 (D. Conn. 2009) ("[o]nce the question of lack of jurisdiction of a court is raised, . . . . The court must fully resolve it before proceeding further with the case.").

Thus, the Court's consideration of these two motions will be highly determinative of what happens with these proceedings. As should be evident by the capacity in which Nova has been named, it is not just the "trustee" of the Trust, but is also the Sponsor and Named Fiduciary of the Trust. If upon reconsideration the Court finds that ERISA applies and follows the mandates of ERISA, it will vacate the Award; and if it does not vacate the Award, then Nova and the Trust will appeal. But if the Court finds that ERISA was not properly before the Court – as will be argued in the motion to dismiss – the lack of a federal question will require dismissal of the case for lack of subject matter jurisdiction. These conflicting results show how premature Universitas' discovery is and it should not be allowed until the motions are resolved. This should be particularly true for innocent third-parties, such as the eight banks, who are being asked to pour through their records to comply with the Subpoenas; an exercise that might be mooted by the Court's rulings on other motions.

Thus, on the basis of the already pending Motion for Reconsideration and the soon-to-be filed Motion to Dismiss, the Court should quash or otherwise stay compliance with the Subpoenas until those motions have been resolved.

## **CONCLUSION**

For the foregoing reasons, the Motion to Quash should be granted and the Subpoenas should be quashed in their entirety.

Dated: New York, NY  
July 26, 2012

NOVA GROUP, INC.

By: */s/Joseph M. Pastore III*  
Joseph M. Pastore III (JP1717)  
SMITH, GAMBRELL & RUSSELL LLP  
250 Park Avenue, Suite 1900  
New York, NY 10177  
Telephone: (212) 907-9700  
Facsimile: (212) 907-9830  
jpastore@sgrlaw.com

*Its Attorneys*

## **CERTIFICATE OF SERVICE**

      I certify that, on July 26, 2012, a copy of the forgoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          */s/ Joseph M. Pastore III*
          Joseph M. Pastore III

9646363.1