# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   UNIVERSITAS EDUCATION, LLC,         :    11-CV-1590
                                         :
 5                  Plaintiff,           :    August 17, 2012
                                         :
 6             v.                        :    500 Pearl Street
                                         :    New York, New York
 7   NOVA GROUP, INC.,                   :
                                         :
 8                  Defendant.           :
     ------------------------------------X
 9

10         TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
                 BEFORE THE HONORABLE HENRY B. PITMAN
11                 UNITED STATES MAGISTRATE JUDGE

12
     APPEARANCES:
13

14   For the Plaintiff:         PAULA COLBATH, ESQ.
                                Loeb & Loeb LLP
15                              345 Park Avenue
                                New York, New York 10154
16

17

18   For the Defendants:        PAUL DEHMEL, ESQ.
                                Smith, Gambrell & Russell
19                              250 Park Avenue
                                New York, New York 10177
20

21
     Court Transcriber:         SHARI RIEMER
22                              TypeWrite Word Processing Service
                                211 N. Milton Road
23                              Saratoga Springs, New York 12866

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                    2

1            THE CLERK: <u>Universitas Education LLC v. Nova Group</u>
2    <u>Inc.</u>
3            Counsel, please state your name for the record.
4            MS. COLBATH:  Paula Colbath from the firm of Loeb &
5    Loeb, 345 Park Avenue, New York, New York 10154, and with me is
6    my colleague Michael Barnett.
7            MR. REYHANI:  Bryan Reyhani from the law firm of
8    Reyhani Nemirovsky, 200 Park Avenue, 17th Floor, New York, New
9    York 10166.
10           MR. DEHMEL:  Good morning, Your Honor.  Paul Dehmel
11   from the law firm of Smith, Gambrell & Russell at 250 Park
12   Avenue, New York, New York 10177 representing the defendants.
13           THE COURT: Good morning.  We're here today to discuss
14   some subpoenas and discovery issues to the defendant and
15   some -- and the third party subpoenas served in aid of
16   execution on the judgment.
17           My understanding is this is an action for insurance
18   proceeds.  An arbitration was conducted.  A judgment -- and the
19   arbitrator made the award in favor of the plaintiff.  The
20   amount of principal and interest in the neighborhood of $30
21   million.  There were motions before Judge Swain, a motion by
22   plaintiff to confirm a motion by defendant to vacate.  Judge
23   Swain affirmed.  She subsequently denied a motion for
24   reargument on the confirmation of the award.  She has denied a
25   motion to stay post judgment execution.  There is a motion to

3

1 dismiss for lack of subject matter jurisdiction now pending.
2 On the endorsement reinstating the motion I believe she gave an
3 admonition about Rule 11 Section 1927. Am I missing any of the
4 highlights up to this point from plaintiff's point of view?
5 　　　　　MS. COLBATH: I think you have the highlights, Your
6 Honor.
7 　　　　　THE COURT: Am I missing any of the highlights up to
8 today from defendant's point of view?
9 　　　　　MR. DEHMEL: Your Honor, I believe you've accurately
10 stated the positions.
11 　　　　　THE COURT: Let me first start with the discovery
12 requests to the judgment debtor. Why should they not be --
13 I've looked at the discovery requests and the responses. Why
14 should they not be complied with?
15 　　　　　MR. DEHMEL: Your Honor, I surely wish my colleague
16 Joe Pastore was here to articulate the positions but in short
17 order the position at this point is that because of a question
18 of whether the court has jurisdiction both on a diversity of
19 citizenship basis and a federal questions basis that that
20 motion should be resolved before any further discovery takes
21 place.
22 　　　　　THE COURT: Well, aren't you -- hasn't the defendant
23 flip-flopped on its position on jurisdiction? Didn't the
24 defendant remove the state court action to federal court? I
25 believe it was the New York State court action and defendant in

```
                                                                    4

 1   its motion to vacate the arbitrator's award didn't you argue
 2   federal -- that the federal statutes were implicated in the
 3   arbitrator's decision, that the arbitrator hadn't complied with
 4   or hadn't complied with certain requirements of ERISA?
 5           MR. DEHMEL: Your Honor, I believe that is the
 6   position that was taken.  The position that's now being
 7   asserted is that in the --
 8           THE COURT: The defendant had all that wrong is the
 9   position of defendant's now?  Now asserted oops, we really
10   messed up big time?
11           MR. DEHMEL: The position is that in looking at the
12   issue more closely the federal question that was being asserted
13   was not raised in the underlying papers and therefore federal
14   question was improperly asserted.
15           THE COURT: If Judge Swain disagrees with your
16   recently discovered position or recently asserted position, if
17   she agrees with it -- let's assume she agrees with it and
18   determines there's no subject matter jurisdiction, how would
19   you be prejudiced by responding to the discovery requests?
20           MR. DEHMEL: Because at that juncture, Your Honor, the
21   case would go to a state court where --
22           THE COURT: You've still got an arbitrator's award and
23   Judge Swain is a very smart judge.  I appreciate that if
24   there's no subject matter jurisdiction you're back to square
25   one with the motions to vacate and the motions to confirm but
```

5

1  it's unlikely I think that a state court judge is going to
2  reach a different result than Judge Swain. She's a smart
3  disinterested jurist with no dog in the fight, the same as the
4  judges in state court. What's the reason to -- I'm not sure
5  there's a reason to believe you're going to have a better
6  result even if you prevail on the subject matter jurisdiction
7  issue and I'm not sure how you're prejudiced by the discovery.
8           MR. DEHMEL: I appreciate that, Your Honor. I guess
9  it falls into the category of hopeful thinking that if it were
10 to get to state court that there would be a different result.
11          THE COURT: A lot of people buy lottery tickets with
12 hopeful thinking but the losers out number the winners.
13          Anything else you want to tell me on the discovery
14 requests served to the judgment debtor here on why they
15 shouldn't be entered?
16          MR. DEHMEL: Simply, Your Honor, the position is that
17 until the motion to dismiss is decided the parties shouldn't
18 engage in that discovery. Certainly I appreciate your thoughts
19 that if Judge Swain is to disagree with our position that the
20 discovery would need to be complied with.
21          THE COURT: What about the fact that Judge Swain
22 denied your application to stay post judgment discovery? I
23 mean isn't this sort of an issue that she's already addressed
24 directly?
25          MR. DEHMEL: She has very closely done that, yes, but

                                                                  6

1    we -- the position again is just that with the pending motion
2    to dismiss we should look at it in light of that possibility.
3              THE COURT: It doesn't -- there are certain facts
4    about this case that really can't be ignored that sort of
5    colored -- that colored my view of the objections that have
6    been mounted primarily on grounds of prematurity with respect
7    to the discovery requests. The defendant actively brought this
8    dispute into federal court or it removed the New York State
9    action into federal court. The defendant actively litigated.
10   The defendant asserted federal questions in its motion to
11   vacate the arbitrator's award. The defendant lost its motion
12   for reconsideration of the motion to vacate or the decision
13   confirming the award and denying the motion to vacate. The
14   defendant moved to stay post judgment discovery. That motion
15   was denied and now lo and behold after about a year-and-a-half
16   of litigation, almost a year-and-a-half of litigation the    
17   defendant has had the epiphany -- and having lost on the merits
18   the defendant has now had the epiphany that there's no subject
19   matter jurisdiction. It really -- the inference that this is
20   just a huge delay tactic is inescapable.
21             It also appears to me that going forward with the
22   discovery is not going to prejudice the defendant that -- even
23   if there is no subject matter jurisdiction it's unlikely that -
24   - I think it's unlikely that a state court judge is going to --
25   even if a state court judge goes back and reviews the matter de

```
                                                                  14
 1   setting up another conference to discuss the remaining
 2   subpoenas in which the Connecticut firm is counsel and the
 3   remaining subpoenas in which Smith Gambrell is counsel.  Those
 4   need to be addressed also.  Maybe you can talk to the
 5   Connecticut firm and -- to the extent prematurity is objected
 6   my reaction is going to be -- well, it may inform what I'm
 7   going to do with respect to subpoenas -- in which the
 8   objections are filed by the firm in Connecticut but maybe we
 9   can obviate the need for an oral argument on that but my staff
10   will be in touch with you next week about setting up a date for
11   argument on the remaining subpoenas.
12             Anything else from plaintiff's point of view?
13             MS. COLBATH:  No.  Thank you, Your Honor, for making
14   the time today.
15             MR. DEHMEL:  No, Your Honor.  Thank you very much.
16             THE COURT:  Thank you all.
17                           * * * * *
```