**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,    :

        -against-              :    Case Nos. 11-1590-LTS-HBP and 11-8726-LTS-RLE

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,    :

              Judgment Debtor.
---------------------------------------------------------------X

**UNIVERSITAS EDUCATION, LLC'S RESPONSE TO NOVA GROUP, INC.'S**
**OBJECTIONS TO REPORT AND RECOMMENDATION FOR RULE 11 SANCTIONS**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   PRELIMINARY STATEMENT ............................................................................................... 1

II.  ARGUMENT .............................................................................................................................. 3

      a.   Nova's replacement of counsel is immaterial to determining what sanctions are proper ............................................................................................................................ 3

      b.   Each recommended sanction has been adequately explained and is necessary to deter future conduct ............................................................................................................. 5

      c.   Nova can and should be required to pay the judgment amount into the Court ....... 7

      d.   Nova should be required to post the judgment amount with the Court notwithstanding its claim to no longer possess Universitas' money ...................... 8

III. CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aetna Cas. & Sur. Co. v. Markarian,
    114 F.3d 346 (1st Cir. 1997) ................................................................................................... 8

Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Aus.
    Creditanstalt AG, Case No. 04-3600, 2005 U.S. Dist. LEXIS 17411 (S.D.N.Y. Aug.
    19, 2005) .................................................................................................................................. 5

Edmonds v. Seavey,
    379 F. App'x 62 (2d Cir. 2010) .............................................................................................. 7

Hilao v. Estate of Marcos,
    95 F.3d 848 (9th Cir. 1996) .................................................................................................... 8

Koehler v. Bank of Berm., Ltd.,
    Case No. M18-302-CSH, 2005 U.S. Dist. LEXIS 3760 (S.D.N.Y. March 9, 2005),
    vacated and remanded, 577 F.3d 497 (2d Cir. 2009) .............................................................. 8

Lawrence v. Wilder Richman Sec. Corp.,
    417 F. App'x 11 (2d Cir. 2010) .............................................................................................. 7

Republic of Cape Verde v. A & A Ptnrs.,
    89 F.R.D. 14 (S.D.N.Y. 1980) ............................................................................................ 6-7

Universitas Education v. Nova Group, Inc.,
    Case No. 13-3735-JGK (S.D.N.Y.) ......................................................................................... 4

Universitas Education v. Nova Group, Inc.,
    Case No. 13-523-VML (W.D. Okla.) ...................................................................................... 4

Williams v. Revlon Co.,
    156 F.R.D. 39 (S.D.N.Y. 1994) .............................................................................................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11(c)(4) ................................................................................................................ 2, 5

Fed. R. Civ. P. 11(c)(6) .................................................................................................................. 5

ii

Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas"), by its attorneys Loeb & Loeb LLP, makes the following response, pursuant to Fed. R. Civ. P. 72(b), to the June 4, 2013 Objections filed by Respondent/Judgment Debtor Nova Group, Inc. ("Nova") (dkt. no. 257) to Magistrate Judge Pitman's May 21 Report & Recommendation ("R&R," dkt. no. 252) that Nova be sanctioned pursuant to Fed. R. Civ. P. 11.[1]

## I. PRELIMINARY STATEMENT

Nova does not meaningfully dispute that its filing of a post-judgment motion to dismiss on September 11, 2012 was sanctionable; it now simply seeks to avoid the types of sanctions that Magistrate Judge Pitman, in his discretion and after a thorough review of the conduct at issue (including a R&R of more than 30 pages), has recommended be imposed.

Nova argues that the sanctions recommended by Magistrate Judge Pitman are unwarranted because (1) it has obtained new attorneys since it engaged in the conduct discussed in the R&R; (2) several of the recommended sanctions are not necessary to deter similar types of conduct in the future; (3) this Court is without power under Rule 11 to require Nova to pay the judgment amount into the Court; and that, in any event, (4) Nova does not possess funds in the amount of the judgment and so should not be ordered to do something it claims not to be able to do.

Each of these objections is meritless.

First, the fact that Nova has recently obtained new counsel is irrelevant to determining whether Nova needs to be deterred from engaging in future sanctionable conduct. Nova's principals have not changed and, as demonstrated by their own objections to the R&R, they

---

[1] Magistrate Judge Pitman also recommended sanctions against two of Nova's prior attorneys, Joseph M. Pastore III and Jack E. Robinson (see dkt nos. 252 and 253), who have submitted objections that Universitas will address in a separate response.

continue to be in contempt of a Court Order to disclose, under oath, the exact whereabouts and disposition of the $30.7 million paid to Nova for Universitas' benefit (see August 17, 2012 Court Order at dkt. no. 133).

Second, contrary to Nova's objection, after a thorough review Magistrate Judge Pitman correctly found and explained, pursuant to Fed. R. Civ. P. 11(c)(4) and (c)(6), that each of the recommended sanctions is necessary "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The sanctions are especially appropriate in view of Nova's having filed other frivolous motions aside from the September 11, 2012 post-judgment motion to dismiss (many of these motions are the subject of a second sanctions R&R against Nova's former attorney Mr. Pastore).

Third, the Court does have the power, pursuant to Fed. R. Civ. P. 11(c)(4), to order Nova to deposit the judgment amount with the Court as Magistrate Judge Pitman has recommended. Nova does not contest that it engaged in sanctionable conduct, and the Court has broad discretion to fashion sanctions appropriate to the circumstances. Here, Nova is the Trustee of funds that it was supposed to pay to Universitas in May 2009. Nova has of course failed to pay over the funds – notwithstanding an arbitration award and judgment in Universitas' favor – and following entry of judgment commenced a barrage of baseless and costly motions to prevent Universitas from learning where its money is located. In view of these facts, Magistrate Judge Pitman has recommended that Nova post the judgment amount with the Court so that Universitas does not need to issue subpoenas that Nova then baselessly attempts to quash or otherwise undermine. Posting the judgment amount with the Court is an appropriate sanction under the circumstances; indeed, it is similar to what the Arbitration Award (which has been confirmed to judgment) required Nova to do back in January 2011. See 3/15/11 Universitas Petition to Confirm

Arbitration Award, Ex. 14 at 13 (dkt. no. 6) (directing Nova to deposit Award amount into law firm escrow account).

Fourth and finally, Nova cannot avoid an Order to post the judgment amount with the Court by claiming that it does not have the funds to comply with such an Order.  As this Court has already found, Nova had possession of $30.7 million paid out by the Lincoln National Life Insurance Company ("Lincoln Life") for Universitas' benefit.  11/21/12 Court Order at 1-2 (dkt. no. 176).   Nova's claim to lack possession of Universitas' money is dubious, and, as will be discussed, is supported only by a superficial and incomplete analysis conducted by a person who has no first-hand knowledge of the conduct and actions of Nova's principals.  In any event, even if Nova and its principals somehow lack possession over Universitas' money, their failure to comply with their own fiduciary duties to hold this money in trust should not preclude an Order that the judgment amount be posted with the Court.

## II.  ARGUMENT

### a. Nova's replacement of counsel is immaterial to determining what sanctions are proper

Nova's suggestion that sanctions are unnecessary because it has retained new counsel is erroneous and irrelevant.  Prior to Nova's retention of the Brief Carmen & Kleiman firm ("BCK") in January 2013, it employed (in succession) two attorneys, Mr. Pastore and Mr. Robinson, who are the subject of pending sanctions recommendations.  Although Nova has hired new counsel, it continues to be controlled by Daniel E. Carpenter, who continues to file baseless motions as part of his and Nova's strategy to prevent Universitas from discovering the whereabouts and disposition of its money. The most recent such motion was filed on May 22, 2013 in U.S. District Court for the Western District of Oklahoma, where Mr. Carpenter's company Avon Capital, LLC ("Avon") moved, as a third party, to quash a document subpoena

3

issued to several entities (not controlled by or related to Mr. Carpenter) that may have information about Nova and Charter Oak Trust assets.  See Universitas Education v. Nova Group, Inc., Case No. 13-523-VML (W.D. Okla.). [2]

As part of their strategy of causing delay and concealing the truth, Mr. Carpenter and Nova's other principals have refused to submit a sworn response to Universitas' Information Subpoena issued to Nova as Trustee of the Charter Oak Trust; instead they have hired Peter A. Goldman, an outsider with no first-hand knowledge of the transactions of Nova and the Trust, to respond to the Information Subpoena in a way that (as discussed *infra*) fails to disclose the location of Universitas' money.  Mr. Goldman's response is yet another Nova stonewalling tactic that BCK now trumpets, going so far as to suggest that it is a reason not to impose sanctions on Nova.

Even if BCK could be bound to its promise to act ethically, it is Nova, not BCK, that needs to be deterred.  BCK is suggesting that it can curb its client's behavior, but of course it is the client who directs the attorneys.  And Nova, for instance, could always terminate current counsel and hire new attorneys who could once again begin filing frivolous motions.

Moreover, Rule 11 sanctions are designed to deter abusive litigation practices not only by the party sanctioned, but by the community of litigants and potential litigants.  Since deterrence considerations are not limited to the specific action in which sanctions are imposed, the Court must determine what sanctions would deter litigants "similarly situated" to Nova.  See Fed. R. Civ. P. 11(c)(4); see also Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Aus. Creditanstalt AG, Case No. 04-3600, 2005 U.S. Dist. LEXIS 17411, at *10

---

[2] The Oklahoma federal court *sua sponte* transferred the motion to this Court, at which point Avon's counsel elected to withdraw the motion. See Universitas Education v. Nova Group, Inc., Case No. 13-3735-JGK (S.D.N.Y.).

(S.D.N.Y. Aug. 19, 2005) (sanctions serve to "deter that person from repetition in the same case," to deter "similar conduct in other litigation," and to "deter similar activity by other litigants").

Per Fed. R. Civ. P. 11(c)(4), with Magistrate Judge Pitman having identified sanctionable conduct (which Nova does not challenge), sanctions should be imposed that would deter future such conduct by a litigant in Nova's position – i.e. a litigant whose two prior attorneys have sanctions recommendations pending against them; whose principals continue to stonewall and file baseless motions; and whose new attorneys have only been working on the case for about five months and cannot make enforceable promises about their client's future conduct.

### b. Each recommended sanction has been adequately explained and is necessary to deter future conduct

Nova claims that two of the recommended sanctions – that Nova get permission prior to filing a motion and that Nova post the judgment amount with the Court – are not necessary to deter Nova from filing unsupported motions and are not adequately explained (as required by Fed. R. Civ. P. 11(c)(4) and (6), respectively). But as his R&R makes plain, Magistrate Judge Pitman has only recommended sanctions necessary to deter future conduct by Nova and others similarly situated.

In considering what sanctions to impose on Nova, the R&R recited pre-motion permission and judgment-posting as sanctions sought by Universitas, and then noted that "the conduct that a sanction seeks to deter is the filing of baseless motions in an attempt to avoid the consequences of an unfavorable court finding" (dkt. no. 252 at p. 27). Since Nova did file an unsupported, post-judgment motion to dismiss for lack of subject matter jurisdiction in an improper effort to undermine Universitas' judgment, and filed yet other motions that are the subject of another R&R for § 1927 sanctions against Mr. Pastore (dkt. no. 253), Magistrate Judge Pitman proceeded to consider what would deter future such filings.

5

After recommending that Nova pay certain of Universitas' attorneys' fees, Magistrate Judge Pitman correctly noted that such an Order might not deter a party that for a year has refused to satisfy, even in part, a judgment against it.  Since "a monetary sanction may not serve as an adequate deterrent," Magistrate Judge Pitman recommended additional sanctions of requiring Nova to seek permission prior to filing a motion and to post the judgment amount with the Court (dkt. no. 252 at p. 28).

The advanced permission sanction would deter Nova from filing frivolous motions because it would permit the Court to screen Nova's proposed motions and allow only those that could be viable.[3]  Requiring that the judgment be deposited with the Court would also deter Nova from filing frivolous motions because, as Magistrate Judge Pitman noted, there would "no longer be a need for Universitas to engage in or for Nova Group to stubbornly resist collection efforts through the filing of baseless motions" targeted at undermining Universitas' judgment collection efforts (dkt. no. 252 at p. 29).  And, as this analysis illustrates, each of the recommended sanctions was adequately explained, would deter Nova and would not, as Nova suggests, be a punishment for Nova's failure to satisfy the judgment.  While a judgment debtor cannot be sanctioned for failing to pay a judgment, it cannot attempt to suppress valid judgment collection efforts through the filing of baseless motions that lead to a waste of judicial and litigant resources.  And sanctions for abusing the judicial process to delay payment of a judgment are not unprecedented in this Circuit.  See Republic of Cape Verde v. A & A Ptnrs., 89 F.R.D. 14, 24-25 (S.D.N.Y. 1980) (judgment debtor's refusal to pay judgment and continued use of funds to obtain high-interest-rate securities was improper and sanctionable).

---

[3] If it adopts Magistrate Judge Pitman's recommendation regarding advance permission for motions, the Court should of course adopt whatever standard it believes is best in deciding whether to permit Nova to make a motion.

6

### c. Nova can and should be required to pay the judgment amount into the Court

Nova, having failed to oppose Universitas' request in the Rule 11 motion that Nova be required to post the judgment amount with the Court (see dkt. no. 180), is incorrect to now challenge the Court's authority to enter such an Order.  Upon a finding of sanctionable conduct, the Court has broad discretion to fashion an appropriate sanction per Fed. R. Civ. P. 11(c)(4). Lawrence v. Wilder Richman Sec. Corp., 417 F. App'x 11, 15 (2d Cir. 2010) ("The district court has 'broad discretion' to 'tailor[] appropriate and reasonable sanctions under [R]ule 11'") (citations and quotations omitted); Edmonds v. Seavey, 379 F. App'x 62, 64-65 (2d Cir. 2010) (requiring counsel to attend CLE courses as a sanction for filing a frivolous claim was a legitimate exercise of discretion); Williams v. Revlon Co., 156 F.R.D. 39, 44 (S.D.N.Y. 1994) ("[i]n authorizing, and indeed, requiring an 'appropriate sanction,' **Rule 11 does not in any way limit the court's choices**") (emphasis added, citations omitted).  In Williams, for instance, the Court ordered the plaintiff – a *pro se* prisoner litigant – to forfeit any "computer, monitor, printer, typewriter or word processor," finding such a sanction to be "reasonable and appropriate" because "those instruments have been or may be used in the production of the complaints and other pleadings, papers and correspondence in plaintiff's fraudulent cases and have made it possible for plaintiff to maximize his attempts at fraud and harassment with minimal effort."  Id.

Nothing in the language, interpretations or applications of Rule 11 limits the Court's discretion or the kinds of sanctions that can be imposed.   The cases that Nova cites are not on point, and have no relevance here, because they address whether a judgment debtor can be ordered pursuant to Fed. R. Civ. P. 69 to deposit the judgment amount with the Court.  See Koehler v. Bank of Berm., Ltd., Case No. M18-302-CSH, 2005 U.S. Dist. LEXIS 3760, at *31-32, 47 (S.D.N.Y. March 9, 2005) ("I construe Rule 69(a)'s 'otherwise' clause narrowly, and do

7

not find, in these circumstances, that it provides this Court equitable powers to attach foreign assets outside this jurisdiction"), vacated and remanded, 577 F.3d 497 (2d Cir. 2009); Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir. 1997); Hilao v. Estate of Marcos, 95 F.3d 848, 851, 856 (9th Cir. 1996).  These citations – and the argument built upon them – miss the mark, since Universitas is not seeking in its Rule 11 motion to enforce its judgment (an area that Rule 69 governs), but to ensure that Nova cannot file any further frivolous motions and take other improper actions to frustrate Universitas' judgment collection efforts.

      Here, as discussed, an Order requiring Nova to pay the judgment into this Court would eliminate the need for Universitas to issue subpoenas (in an attempt to discover Nova's assets) that Nova and its principals would then move to quash or otherwise undermine.  Further, Nova, as the Trustee of the Charter Oak Trust, has a fiduciary duty to Universitas to keep Universitas' money secure, and not, for instance, to use the money to pay attorneys who will then file frivolous motions that harm Universitas.  Depositing funds (in the amount of the judgment) into the Court is both a way to satisfy that duty and eliminate the probability of future sanctionable motion practice.[4]

### d. Nova should be required to post the judgment amount with the Court notwithstanding its claim to no longer possess Universitas' money

      For its final objection, Nova, which undoubtedly had possession of the money that Lincoln Life paid out for Universitas' benefit ($30.7 million) (11/21/12 Court Order at 1-2 (dkt. no. 176)), now argues that it should not be ordered to deposit the judgment amount with the Court because it does not have the funds to do so.  As the only evidence of this claim, Nova

---

[4] Additionally, the January 2011 Arbitration Award required Nova to deposit the Award amount into the escrow account of one of its law firms.  3/15/11 Universitas Petition to Confirm Arbitration Award, Ex. 14 at 13 (dkt. no. 6) (directing Nova to deposit Award amount into law firm escrow account).

relies on an affidavit from Peter A. Goldman, who purports to be responding, on behalf of Nova, to an Information Subpoena served on Nova and the Charter Oak Trust in July 2012.  See Exhibit B to June 4, 2013 Declaration of Ira Kleiman (dkt. no. 258).

Mr. Goldman's affidavit, however, is woefully inadequate, in part because it fails to explain the transfer of Universitas' money – $30.7 million paid out by Lincoln Life in May 2009 – from Nova to Grist Mill Capital, LLC ("GMC"), a company that, like Nova, is operated by Mr. Carpenter.  (As such, Nova remains in contempt of the Court's August 17, 2012 Order (dkt. no. 133) requiring it to make a complete response to the Information Subpoena.)

Mr. Goldman, as the Court is aware, testified on behalf of GMC on May 9 at the Court's evidentiary hearing on a turnover motion filed by Universitas.  With GMC having taken all of Universitas' money out of the possession of Nova and the Charter Oak Trust (as Mr. Goldman testified), Mr. Goldman cannot possibly also be a credible witness for Nova, the Trustee of the Charter Oak Trust, especially when his affidavit fails to discuss the basis for the transfer of Universitas' money to GMC, which Mr. Goldman had previously testified about.

Further, Nova's representation to not having Universitas' money raises more questions than it answers, including why Nova improperly filed numerous post-judgment motions (including the motion to dismiss that is the subject of the R&R) to thwart Universitas' judgment collection efforts if Nova could not satisfy the judgment.  In any event, since Mr. Carpenter operates both Nova and GMC, he can readily transfer Universitas' money back to Nova from GMC if and when the Court's orders Nova to post the judgment amount with the Court as Magistrate Judge Pitman has recommended.  See February 28, 2013 Declaration of Bryan Reyhani in support of Universitas' turnover motion (dkt. no. 223) (explaining and documenting how Mr. Carpenter controls both Nova and GMC).

9

### III. CONCLUSION

For the foregoing reasons, the Court should overrule Nova Group, Inc.'s objections and adopt Magistrate Judge Pitman's Report and Recommendation in its entirety.

Dated: June 18, 2013

                                        LOEB & LOEB LLP

                              By: /s/ Michael Barnett           .
                                  Paula K. Colbath (PC-9895)
                                  Michael Barnett (MB-7686)
                                  345 Park Avenue
                                  New York, New York 10154-1895
                                  (212) 407-4000

                                  *Attorneys for Judgment Creditor*
                                  *Universitas Education, LLC*