UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNIVERSITAS EDUCATION, LLC,

        Petitioner,

  -v-                                          No. 11CV1590-LTS-HBP

NOVA GROUP, INC.,

        Respondent.

-------------------------------------------------------x

### AMENDED ORDER[1]

Petitioner Universitas Education, LLC ("Universitas") moves for an award of $1,101,232.84 in post-judgment attorneys' fees and costs, pursuant to section 8.02(d) of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), and $134,015.85 in post-judgment interest, against Respondent Nova Group, Inc. ("Nova"). (Docket entry no. 330.) Universitas also applies for $34,980.00 in attorneys' fees incurred in prosecuting a Rule 11 motion against Nova, pursuant to this Court's September 30, 2013, order awarding such sanctions to Universitas. (Docket entry no. 295.) Universitas further requests that the $268,810.01 in attorneys' fees awarded in the Court's October 5, 2012, order (docket entry no.

---

[1] This Amended Order amends and supersedes the Order entered on September 30, 2014 (docket entry no. 488), which erroneously directed the entry of judgment against Joseph Pastore III, Esq., in the amount of $41,329.13. Prior to entry of the September 30 Order, Mr. Pastore had entered into a confidential settlement with Petitioner. (See Docket entry no. 417.)

This Amended Order also corrects a mathematical error in the Conclusion as to the total amount of the judgment with respect to attorney's fees and costs to be entered against Nova. The post-judgment interest award has been recalculated as of the date of entry of this Amended Order.

162) be reduced to judgment.

Nova filed timely objections to both applications for attorneys' fees.  Nova does not object to Universitas' application for reduction of the earlier award of $268,810.01 to judgment.

The Court has subject matter jurisdiction of the litigation between Universitas and Nova pursuant to 28 U.S.C. §§ 1331 and 1332.

The Court has reviewed carefully all of the parties' submissions and arguments.  For the following reasons, Universitas' motion for attorneys' fees against Nova is granted in part and denied in part.  Judgment will be entered with respect to the October 5, 2012, attorneys' fee award against Nova.

## BACKGROUND

Familiarity with the Court's prior decisions in this case is assumed.

On September 30, 2013, the Court adopted the first May 21, 2013, Report and Recommendation of Magistrate Judge Henry Pitman, (docket entry nos. 295 and 252), sanctioning Nova and its attorney Jack Robinson[2] under Federal Rule of Civil Procedure 11 for improperly moving to dismiss for lack of subject matter jurisdiction.  The Court granted Universitas leave to apply for attorneys' fees and costs, which Universitas did in a timely fashion.

---

[2] Mr. Robinson settled the issue of fees with Universitas, and thus the application for attorneys' fees against him is moot.

DISCUSSION

Attorneys' Fee Award Pursuant to the Charter Oak Trust

As noted in this Court's October 5, 2012, order (docket entry no. 162), the Charter Oak Trust provides that "all costs of the prevailing party (including attorneys' fees and costs), as well as the costs of arbitration, shall be borne exclusively by the non-prevailing party." (November 12, 2013, Colbath Aff. Ex. A, at 11.)  Although courts generally default to the "American Rule," granting no attorneys' fees to a prevailing party, contractual provisions allocating costs supersede the rule.  See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975) (noting the American Rule applies "absent statute or enforceable contract").  Accordingly, Universitas is entitled to reasonable attorneys' fees incurred in this litigation.

In awarding attorneys' fees, the court is required to calculate the "presumptively reasonable fee," by determining a reasonable hourly rate and multiplying it by the reasonable amount of hours required by the case.  Millea v. Metro-North, 658 F.3d 154, 166 (2d Cir. 2011); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany, 522 F.3d 182, 183 (2d Cir. 2007) (adopting "presumptively reasonable fee" principle).  The fee applicant must establish that the hours worked and rates requested are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

Nova contends that Universitas has not provided sufficient evidence to support the hours and rates claimed.  The Court disagrees.  Universitas has provided detailed time sheets that explain the amount of time spent and the specific tasks completed.  Further, Universitas has provided evidence that its attorneys' requested rates are consistent with those typically paid in

this district.  See Arbor Hill, 522 F.3d at 191 (presuming that a reasonable client would hire counsel "whose rates are consistent with those charged locally").  The Court also finds that the complexity and relentlessness of Nova's efforts to avoid satisfaction of the judgment, as well as the proliferation of motion practice, justify the time spent and warrant compensation at the rates requested.

Nova's contention that the fee-shifting provision of the Charter Oak Trust extends only to attorneys' fees directly incurred in arbitration proceedings is baseless.  This litigation was necessitated by the relentless efforts of Nova and its affiliates to prevent Universitas from realizing the benefit of its arbitration victory.  To permit the losing party to erode the value of the award and of the fee reimbursement rights under the contract by engaging in a protracted and uncompensable war of attrition would be contrary to the remedial purpose of the contractual provision.

Therefore, Universitas' motion for post-judgment attorneys' fees and costs in the amount of $1,101,232.84 is granted.

<u>The Rule 11 Attorney Fee Award Against Nova Group</u>

Nova argues, and the Court agrees, that the fees requested by Universitas pursuant to this Court's September 30, 2013, order should be reduced to reflect the fact that all the work cited by Universitas from May 21, 2013, onward was not related to Nova's sanctionable litigation efforts.  The notations in Universitas' time sheets beginning May 21, 2013, reflect work done in response to actions by Mr. Pastore and Mr. Robinson, rather than Nova.  (October 25, 2013, Colbath Aff. Ex. A, at 2).  Accordingly, the fees requested by Universitas are reduced to deny compensation for time spent responding to the objections of Mr. Pastore and Mr.

Robinson, specifically 9.7 hours at a rate of $450.00 an hour, for a reduction of $4,365.00, plus one hour at $375.00, for a total reduction of $4,740.00.

Nova's arguments against the sufficiency of the evidence provided by Universitas are without merit for the reasons discussed above. The time sheets provided by Universitas, as well as surveys demonstrating the rates charged by comparable New York firms, constitute a sufficient evidentiary record. Nova also disputes the reasonableness of the hours expended by Universitas. Having presided over this contentious litigation, however, the Court finds that the amount of time spent by Universitas' attorneys was reasonable. See Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (holding that "the district court . . . may look to its own familiarity with the case and its experience generally" in determining reasonableness). Accordingly, the Court awards Universitas $30,240.00 in attorneys' fees spent litigating the Rule 11 motion against Nova.

Post-Judgment Interest

Post-judgment interest is allowed pursuant to 28 U.S.C. § 1961 on money judgments in civil cases. Using the statutorily mandated rate of interest, compounded annually, the amount of interest due on Universitas' judgment of $30,181,880.30 is $134,015.85.

## CONCLUSION

For the aforementioned reasons, Universitas is granted $1,131,472.84 in attorneys' fees and costs, and $134,015.85 in post-judgment interest against Nova, without prejudice to further interest accruals on unsatisfied amounts. Universitas' request to reduce the October 5, 2012, attorneys' fee award of $268,810.01 against Nova to judgment is granted.

The Clerk of the Court is requested to vacate the judgment entered on October 1, 2014 (docket entry no. 489) and enter a new judgment consistent with this Amended Order.

This Amended Order resolves docket numbers 314 and 330.

SO ORDERED.

Dated: New York, New York
       October 8, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge