UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,    :

         -against-    :    Case Nos. 11 CV 1590-LTS-HBP and
                                           11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,    :

                Judgment Debtor.
------------------------------------------------------------X

## DECLARATION OF PAULA K. COLBATH

**PAULA K. COLBATH**, an attorney admitted to practice law in the Courts of the State of New York, declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

    1.    I am a partner in the law firm of Loeb & Loeb LLP, attorneys for Universitas Education, LLC ("Universitas"), the Judgment Creditor in the above-captioned actions. I respectfully submit this declaration to put before the Court various documents **(A)** in opposition to (1) the Application Seeking a Protective Order Limiting Enforcement Procedures Against the Grist Mill Trust Welfare Benefit Plan ("Grist Mill Trust") and Denying Any Enforcement Procedure Against Sickness Accident, Disability Indemnity Trust 2005 ("SADI Trust 2005") (No. 11-cv-1590, Dkt. No. 498); (2) the Motion for a Protective Order and Sanctions submitted by Minneapolis Trailer Sales, Inc., Keith Kornovich and Mark Kornovich (collectively, the "MTS Parties") (No. 11-cv-1590, Dkt. No. 502); and (3) the Motion of Gerald H. Williams for a Protective Order and Sanctions (No. 11-cv-1590, Dkt. No. 507); and **(B)** in support of Universitas's Cross-Motion for turnover of funds held by Penn Mutual Life Insurance Company ("Penn Mutual") and Life Insurance Company of the Southwest as against the Grist Mill Trust.

This declaration also puts before the Court various relevant facts about which I have personal knowledge.

2. In the months following this Court's August 7, 2014 Opinion and Order, and after Judgment was entered against the Grist Mill Trust in favor of Universitas in the amount of $4,487,007.81, my colleague Michael Barnett and I had numerous discussions with Dan LaBelle, counsel for the Grist Mill Trust, concerning modifying the Restraining Notices Universitas had served to allow the Grist Mill Trust to continue to collect employer contributions and to pay life insurance premiums.

3. After numerous discussions and exchanging draft proposed Orders, the Grist Mill Trust and Universitas reached agreement on a framework that would permit the Grist Mill Trust to collect employer contributions and make ongoing premium payments, as necessary. Universitas voluntarily agreed to the modifications to the Restraining Notices that are the subject of the instant motion, as discussed on page 13 of the Grist Mill Trust's memorandum of law, prior to the Grist Mill Trust's motion being filed. In negotiating and agreeing upon this protocol, Universitas sought to ensure that the Grist Mill Trust could continue its operations and sought to assuage any concerns the Court might have regarding the Grist Mill Trust potentially being subjected to a de facto receivership.

4. On or about November 3, 2014, I received from Grist Mill Trust's counsel various enrollment forms and other documents concerning employer B.A. Fischer Sales Co., Inc.'s participation in the Grist Mill Trust, and TBM, Inc.'s participation in the SADI Trust 2005, in connection with participating employee Lawrence O. Fischer (now deceased). The Election of Participation & Beneficiary Designation Form associated with Mr. Fischer's policy with the Grist Mill Trust, signed by Mr. Fischer and dated April 8, 2005, indicated that Mr. Fischer named as his beneficiary "B.A. Fischer Sales Inc. Trusteed Cross-Purchase Agreement." A true

2

and correct copy of this Election of Participation & Beneficiary Designation Form is attached as **Exhibit 1**. Also provided to me by Grist Mill Trust's counsel were the following additional documents: a Disclosure and Acknowledgement Statement signed by Mr. Fischer and dated April 4, 2005, a true and correct copy of which is attached as **Exhibit 2**; an Administration Fee Agreement signed by Mr. Fischer and Molly Carpenter and dated April 8, 2005, a true and correct copy of which is attached as **Exhibit 3**; a completed Grist Mill Trust Death Claim Form dated October 22, 2014, a true and correct copy of which is attached as **Exhibit 4**; and a "Nova New Business" form pertaining to Lawrence O. Fischer, a true and correct copy of which is attached as **Exhibit 5**.

5. Following receipt of the foregoing documents, I requested that the Grist Mill Trust provide me with a copy of the "B.A. Fischer Sales Inc. Trusteed Cross-Purchase Agreement." Counsel for Grist Mill Trust advised me that the Grist Mill Trust did not have a copy of the referenced agreement.

6. Neither the MTS Parties nor Mr. Williams notified me or Universitas of their intention to file a motion for sanctions. Nor did either counsel seek to meet and confer with me regarding their sanctions motions prior to filing them. In fact, after Universitas issued its Restraining Notices, on October 8, 2014, we emailed a courtesy copy of Universitas's Restraining Notices to counsel for the MTS Parties and Williams and advised them that "[i]f you are going to be making any arguments that did not appear in your prior motion, we want to meet and confer on those." Attached as **Exhibit 23** is a true and correct copy of an email, dated October 8, 2014, from Michael Barnett to Kristin Rowell, Michael Bloom, and Dan LaBelle.

7. Attached as **Exhibit 6** is a true and correct copy of the Restraining Notice that Universitas served on Penn Mutual on or about August 27, 2014.

3

8. On November 26, 2014 and December 2, 2014, my colleague Frank D'Angelo and I sent Grist Mill Trust's counsel several emails trying to assist in resolving the issues apparently raised by Penn Mutual's legal counsel. True and correct copies of our emails are attached as **Exhibit 7** and **Exhibit 8**. A true and correct copy of Grist Mill Trust's partial response is attached **Exhibit 9**.

9. Attached as **Exhibit 10** is a true and correct copy of the Restraining Notice that Universitas served on Lincoln Financial Group and Lincoln National Life Insurance Company on or about August 27, 2014.

10. Attached as **Exhibit 11** is a true and correct copy of the Restraining Notice that Universitas served on National Life Insurance Company and Life Insurance Company of the Southwest on or about September 24, 2014.

11. Attached as **Exhibit 12** is a true and correct copy of a Search Warrant dated April 16, 2010 issued out of the U.S. District Court for the District of Connecticut in the matter of the search of the office of NOVA Benefit Plans LLC, a.k.a. Benistar, located at 100 Grist Mill Road, Simsbury, Connecticut and identifying the Grist Mill Trust and Nova Sickness, Accident, Disability & Indemnity Trust ("SADI") on page 2.

12. Attached as **Exhibit 13** is a true and correct copy of a Grand Jury Subpoena dated April 13, 2010 issued out of the U.S. District Court for the Eastern District of Wisconsin to NOVA Benefit Plans, LLC.

13. Attached as **Exhibit 14** is a true and correct copy of a Stipulation entered into between Dan E. LaBelle, counsel for the Grist Mill Trust, and David E. Novick, Assistant United States Attorney for the U.S. District Court for the District of Connecticut, dated November 20, 2012.

14. Attached as **Exhibit 15** is a true and correct copy of excerpts from Molly Carpenter's November 29, 2012 deposition transcript in the above-captioned actions.

15. Attached as **Exhibit 16** is a true and correct copy of excerpts from Kathleen Kehoe's January 7, 2014 deposition transcript in the above-captioned actions.

16. Attached as **Exhibit 17** is a true and correct copy of the transcript of oral argument held before this Court on June 18, 2014 in the above-captioned actions.

17. Attached as **Exhibit 18** is a true and correct copy of the Grist Mill Trust's September 22, 2014 responses to an Information Subpoena served on the Grist Mill Trust by Universitas.

18. Attached as **Exhibit 19** is a true and correct copy of an email chain between Daniel E. Carpenter and Jeffrey D. Roman of U.S. Trust, Bank of America Private Wealth Management, dated May 14, 2009.

19. Attached as **Exhibit 20** is a true and correct copy of Certificate of Trust for the Hanover Trust Company, signed by Molly Carpenter and filed with the State of Delaware on or about June 4, 2009.

20. Attached as **Exhibit 21** is a true and correct copy of a Certificate of Change of Agent/Amendment of Limited Liability Company for Hanover Benefit Plans, LLC, signed by Kevin Slattery and filed with the State of Delaware on or about May 20, 2010.

21. Attached as **Exhibit 22** is a true and correct copy of a Grist Mill Trust Cash Disbursement Journal for the period January 1, 2013 through October 8, 2014.

22. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 4, 2014

_____
PAULA K. COLBATH