UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

       Petitioner,

  -v-                                                 No. 11CV1590-LTS-HBP

NOVA GROUP, INC.,

       Respondent.

-------------------------------------------------------x

NOVA GROUP, INC.,

       Petitioner,

  -v-                                                 No. 11CV8726-LTS-HBP

UNIVERSITAS EDUCATION, LLC,

       Respondent.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

On February 11, 2014, this Court adopted Magistrate Judge Henry Pitman's July 11, 2013, Certification of Facts, Conclusions of Law and Proposed Remedy. (Docket entry no. 376, the "February Order").[1] Wayne H. Bursey moves pursuant to S.D.N.Y. Local Civil Rule 6.3 for reconsideration of the February Order insofar as it held him in contempt, asserting that the Court had failed to take notice of his timely objections to Judge Pitman's Certification,

---

[1] All docket references herein refer to those in the above captioned case numbered 11CV1590.

Universitas Educ., LLC v. Nova Grp., Inc., 11CV1590, 2013 WL 3487350 (S.D.N.Y. July 12, 2013) (Pitman, M.), (the "Certification"). The Court has reviewed thoroughly the parties' submissions and, for the following reasons, the motion for reconsideration is granted and the finding of contempt as to Mr. Bursey in the February Order is withdrawn.

## BACKGROUND

The lengthy history of this case is described in detail in the Certification, and familiarity with the Certification is presumed. A brief summary of the material background facts follows. On August 17, 2012, Judge Pitman issued an order directing Nova Group, Inc. ("Nova") to respond to discovery requests propounded by Universitas Education, LLC ("Universitas"), no later than August 31, 2012 (the "August 17 Order"). (Docket entry no. 133.) Nova failed to respond to the August 17 Order, and Universitas filed a motion for contempt of the August 17 Order on November 28, 2012, as to Nova, Mr. Bursey, and others.

On July 12, 2013, Judge Pitman entered an order certifying facts regarding Mr. Bursey and the other individuals whom Universitas sought to have held in contempt. In the Certification, Judge Pitman found that Mr. Bursey was the President of Nova and the trustee and principal plan sponsor of the Charter Oak Trust. Universitas Educ., 2013 WL 3487350, at *3. Judge Pitman also found that an August 28, 2012, filing with the Connecticut Secretary of State listed Mr. Bursey as "President." Judge Pitman therefore rejected the assertion in an August 30, 2012, letter by Nova's former counsel that Mr. Bursey had resigned prior to that date for health reasons. Id. Judge Pitman further found that, despite Mr. Bursey's testimony that "it would surprise" him to see documents filed with the Connecticut Secretary of State listing him as an officer and director of Nova, attorney Jack E. Robinson's testimony on September 19, 2012, (docket entry no. 202, at pg. 9) and Mr. Bursey's invocation of his Fifth Amendment right

against self-incrimination supported a proper inference that Mr. Bursey had possessed the authority to compel Nova to comply with the August 17 Order. Id. at *8-9. Judge Pitman further opined that, "[e]ven though Mr. Bursey testified at his deposition [on October 16, 2012] that he was unaware of [the] August 17 Order, this statement establishes, at most, wilful blindness in view of the evidence demonstrating Mr. Bursey's significant role at Nova Group. Moreover, this assertion is particularly suspect because Mr. Bursey's deposition was ordered as a result of the September 19, 2012 conference that discussed, in part, my August 17 Order." Universitas Educ., 2013 WL 3487350, at *8-9. Accordingly, Judge Pitman recommended that Mr. Bursey be found in contempt of the August 17 Order. Id.

Mr. Bursey objected to the Certification, arguing that Universitas had not met its burden of proving that he was in contempt of the August 17 Order because the record was insufficient to demonstrate by clear and convincing evidence that he was an officer of Nova with responsibility for Nova's conduct at the time when Nova failed to comply with the discovery order. (Mem. Law in Supp. Recons. Ex. A; docket entry no. 285, at 2, "Bursey Objection.") Mr. Bursey argues that Judge Pitman improperly relied on "temporally inadequate" documents; that he improperly concluded that the August 28, 2012, filing with the Connecticut Secretary of State supported the conclusion that Mr. Bursey had control of Nova; that the Certification improperly used the fact of Mr. Bursey's invocation of his Fifth Amendment right to reduce Universitas' burden of proof; and that Judge Pitman improperly interpreted and relied upon Mr. Robinson's testimony and the August 30, 2012, letter from Nova's lawyers to Universitas's lawyers. (Bursey Objection, at 1-11.)

In the February Order, the Court reviewed the salient facts presented in the Certification. As to Mr. Bursey, the Court noted that "[t]he Certification describes, in some

detail, Mr. Bursey's relationship to Nova and his invocation of his Fifth Amendment privilege when questioned about his and Nova's efforts, or lack thereof, to comply with the August 17 Order." (docket entry no. 376, at 3.) The Court further noted, "As late as August 28, 2012, Mr. Bursey was identified as 'President' of Nova in its filing with the Connecticut Secretary of State and, on September 19, 2012, Mr. Robinson, counsel of record for Nova at the time, stated that, although Mr. Bursey had resigned for health reasons, he was 'still informally an advisor' to Nova." (Id.) "[Furthermore,] Mr. Bursey . . . made sworn declarations as to [his] knowledge of the transactions underlying the contempt and collection disputes." (Id.) The Court also noted that, "[i]n a declaration dated November 12, 2010, Mr. Bursey stated that '[a]s President of Nova, I am familiar with [Charter Oak Trust's] assets and state that [Charter Oak Trust's] assets exceed $35 million.'" (Id. at 4.) The Court also noted that "Mr. Bursey [is a] target[] of a grand jury investigation pending in the District of Connecticut." (Id. at 4.) Taking these facts into account, and stating that "Mr. Bursey does not raise objections with respect to the findings of the Certification," the Court adopted "the recommendation that [Mr. Bursey] be held in contempt based on facts demonstrating that he was an officer or principal of Nova after the August 17 Order." (Id. at 7.)

Universitas opposes Mr. Bursey's motion for reconsideration, arguing that the motion "simply refers the Court back to his prior submissions on this issue" and the Court should deny the motion "[f]or the reasons set forth in its prior memoranda," which cite evidence showing that, as of August 22, 2013, Mr. Bursey was still listed as President of Nova on the Connecticut Secretary of State's website and that Mr. Bursey wrote to Lincoln National Life Insurance Company ("Lincoln Insurance") in his capacity as a trustee of Charter Oak Trust as late as May 16, 2013. (Opp. to Recons.; Barnett Decl. at Ex. B.)

DISCUSSION

A motion for reconsideration "[is] committed to the sound discretion of the district court." In re Optimal U.S. Litig., 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (citations omitted). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Advanced Analytics, Inc. v. Citigroup Global Mkts, Inc., 04CV3531, 2014 WL 1243685, at *16 (S.D.N.Y. Mar. 26, 2014) (citing Quinn v. Altria Grp., Inc., 07CV8783, 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Thus, "[a] motion for reconsideration . . . should be granted only when the moving party demonstrates that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court. Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (citations omitted).

Here, the Court had in fact overlooked Mr. Bursey's timely objections to Judge Pitman's Certification, which had not been docketed properly. (Dkt. entry no. 376, at 2, 7.) The Court grants his reconsideration motion and has reconsidered de novo the relevant issues in light of Mr. Bursey's objections and Universitas's response thereto.

As noted in the February Order, Judge Pitman's Certification was issued pursuant to 28 U.S.C. section 636(e)(6) because the parties, including Mr. Bursey, did not consent to Judge Pitman's exercise of plenary jurisdiction over the matter. Thus, Judge Pitman's role in reviewing Universitas's motion for civil contempt was to certify facts constituting civil contempt to this Court, which was then required to make an independent determination as to whether

evidence warranted punishment for contempt.  See 28 U.S.C.S. § 636(e)(6)(B)(iii) (LexisNexis 2012).  In the February Order, the Court adopted Judge Pitman's Certification of Facts, Conclusions of Law and Proposed Remedy and found Nova, Mr. Bursey, and the other contemnors in contempt of the August 17 Order.  The Court now reconsiders that finding in light of Mr. Bursey's objections.

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations and citations omitted).  Non-parties may be held in contempt where they have notice of a court's order and the responsibility to comply with it.  See Nat'l Labor Relations Bd. v. Hopwood Retinning Co., 104 F.2d 302, 304-05 (2d Cir. 1939).  Thus, where a person is "practically responsible for the conduct and affairs of" an entity, he may be held responsible for the contempt of the entity.  Id.

The movant bears the burden of proffering clear and convincing evidence of contempt.  Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002).  To meet this standard, the movant must offer evidence that demonstrates, to "reasonable certainty," that a violation of the order occurred.  Id.

Mr. Bursey argues that "the Magistrate Judge's dismissal of Mr. Bursey's deposition testimony that, '[Mr. Bursey] was unaware of [Judge Pitman's] August 17 Order,' as establishing, 'at most, wilful blindness'" should not be afforded weight in the context of the fact finder not having heard live testimony in assessing the veracity of a witness."  (Bursey Objection, at 9.)  The Court agrees.  In finding that Mr. Bursey's statement was the fruit of at

best "wilful blindness," Judge Pitman made an implicit credibility finding regarding Mr. Bursey's deposition testimony. Mr. Bursey testified at his deposition that he had never seen the August 17 Order, that he had never spoken about it with any person, and that he was not aware of it prior to his deposition. (See Docket entry no. 202-1, at 11.) To find, as the Certification proposes, that Mr. Bursey was nonetheless in contempt of the August 17 Order, the Court would have to reject Mr. Bursey's testimony as incredible and draw an inference as to the requisite knowledge from the evidence in the record. The Court concludes that rejection of Mr. Bursey's testimony, without a live hearing, would be improper. Furthermore, while the evidence of record is sufficient to support a strong inference that Mr. Bursey continued to have control over Nova's affairs during the time period in question, it is insufficient to support a strong inference that he was aware of, and willfully disobeyed, the August 17 Order. There is, for example, no evidence that a copy of the order was sent, shown, or described to him prior to the date on which compliance was required. The evidence underlying the Certification is thus insufficient to support a contempt finding as to Mr. Bursey.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is granted. On reconsideration, the February Order (docket entry no. 376) is withdrawn insofar as it finds Mr. Bursey in contempt of the August 17 Order.

This Order resolves docket entry number 396 in case number 11 Civ. 1590.

SO ORDERED.

Dated: New York, New York
December 18, 2014

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge