

FRANK D. D'ANGELO
Attorney At Law

345 Park Avenue
New York, NY 10154

Direct 212.407.4189
Main 212.407.4000
Fax 212.504.3264
fdangelo@loeb.com

Via ECF

December 23, 2014

The Hon. Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re: *Universitas Education, LLC v. Nova Group, Inc.*, Case No. 11-1590-LTS-HBP (S.D.N.Y.)

Dear Judge Swain:

We represent Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas") in the above-captioned action. We write pursuant to the Court's directive, issued during the December 16, 2014 hearing and reflected in a minute entry docketed that same day, that Universitas submit a written status report as to discussions between Universitas and The Penn Mutual Life Insurance Company ("Penn Mutual") regarding the scope of the August 27, 2014 Restraining Notice that Universitas served on Penn Mutual (a copy of which is enclosed herewith). We submit this letter with the consent of counsel for Penn Mutual.

Penn Mutual has furnished Universitas with a list of trusts it has identified as potentially related to one or more of the Judgment Debtors and has asked Universitas to confirm that none of the listed trusts have assets belonging to a Judgment Debtor or should otherwise be restrained. All of the trusts share the same Trustee, Kathy Kehoe, who was appointed as Trustee of the Judgment Debtor Grist Mill Trust Welfare Benefit Plan ("Grist Mill Trust") by Wayne Bursey, who is currently under indictment in Connecticut federal court—as well as the same Plan Sponsor, for which Ms. Kehoe works and with which both Mr. Bursey and Molly Carpenter (Judgment Debtor Daniel Carpenter's wife) appear to be affiliated. Moreover, by its own admission in documents obtained from Nova Group, Inc., the "Grist Mill Trust is a large umbrella that has several other trusts and many different plans operating under its auspices."

In light of the complexities associated with the Carpenter Family's operations, we are continuing to analyze available documents and information in order to resolve these issues. We received today from the Grist Mill Trust documentation that may expedite resolution of some of these issues. Both Universitas and Penn Mutual have asked Grist Mill Trust's counsel for additional documentation and information to expedite resolution of these issues, and await receipt thereof. We continue to remain hopeful that we will be able to resolve these issues without Court intervention.



The Hon. Laura Taylor Swain  
December 23, 2014  
Page 2

We remain available to answer any questions the Court may have regarding this matter.

Sincerely,

Frank D. D'Angelo  
Attorney At Law

Enclosure

Cc:   All parties (via ECF)  
      Robert Mancuso, Esq., Drinker Biddle & Reath LLP (via Email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,      :

        -against-                       :   Case Nos. 11-1590-LTS and
                                                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,                :   **RESTRAINING NOTICE**

                Judgment Debtor.
------------------------------------------------------------X

To:

Penn Mutual
2 Park Avenue #300
New York, NY 10016

**WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter – $30,600,000.00

- Grist Mill Capital, LLC – $30,600,000.00

- Grist Mill Holdings, LLC – $21,000,000.00

- Carpenter Financial Group – $11,140,000.00

- Avon Capital, LLC – $6,710,065.92

- Phoenix Capital Management, LLC – $5,000,000.00

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets – $4,487,007.81

- Hanover Trust Company – $1,200,000.00

1

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: August 27, 2014

                              LOEB & LOEB LLP

                              By: /s/ Michael Barnett
                                  Paula K. Colbath (PC-9895)
                                  Michael Barnett (MB-7686)
                                  345 Park Avenue
                                  New York, New York 10154-1895
                                  (212) 407-4000

                                  *Attorneys for Petitioner/Judgment Creditor*
                                  *Universitas Education, LLC*

NY1292014.1