At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand and fifteen.

Before:     Rosemary S. Pooler,
                 Reena Raggi,
                 Peter W. Hall,
                     *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 20, 2015

Universitas Education, LLC,

    Petitioner - Appellee,

**JUDGMENT**
Docket Nos. 13-4154(L)
                14-4698(con)

v.

Nova Group, Inc., as Trustee, Sponsor and
Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan,

    Respondent - Appellant.

The appeals in the above captioned case from the September 30, 2013 memorandum and order and the December 18, 2014 order of the United States District Court for the Southern District of New York were argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the December 18, 2014 Order of the district court is VACATED, as is that portion of the September 20, 2014 Order directing Appellant to deposit $30,181,880.30. This matter is hereby REMANDED for further proceedings in accordance with the opinion of this court.

                                                             For The Court:

                                                             Catherine O'Hagan Wolfe,
                                                             Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 04/20/2015

13-4154-cv
Universitas Education LLC v. Nova Group Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Argued:   October 1, 2014                Decided:   April 20, 2015)

Docket Nos. 13-4154-cv; 14-4698-cv

_____

UNIVERSITAS EDUCATION, LLC,

*Petitioner-Appellee*,

v.

NOVA GROUP, INC., as Trustee, Sponsor and Named Fiduciary of
THE CHARTER OAK TRUST WELFARE BENEFIT PLAN[1],

*Respondent-Appellant*.

_____

Before: POOLER, RAGGI, and HALL, *Circuit Judges*.

Nova Group, Inc. appeals from the September 30, 2013 memorandum and

order and the December 18, 2014 order of the United States District Court for the

---

[1] The Clerk of the Court is directed to amend the caption as above.

Southern District of New York (Swain, *J.*) sanctioning Nova by requiring it to deposit $30,181,880.30–the amount of the judgment outstanding against it–with the Clerk of the Court. The district court further ordered that the monies would be paid to Universitas Education, LLC to satisfy the outstanding judgment Universitas holds against Nova, with any excess paid to the district court's general sanction fund. We hold that the district court may not collect and turn over damages owed to a party through an imposition of a sanction ordered pursuant to Fed. R. Civ. P. 11. We thus vacate and remand to the district court for further proceedings consistent with this opinion.

Vacated and remanded.

_____

>ROGER L. STAVIS, Gallet Dreyer & Berkey, LLP (Eugene H. Goldberg, *on the brief*), New York, NY, *for Respondent-Appellant Nova Group Inc., as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan.*
>
>MICHAEL BARNETT, Loeb & Loeb LLP (Paula K. Colbath, *on the brief*), New York, NY, *for Petitioner-Appellee Universitas Education, LLC.*

1   POOLER, *Circuit Judge*:

2   Nova Group, Inc. appeals from the September 30, 2013 memorandum and

3   order and the December 18, 2014 order of the United States District Court for the

4   Southern District of New York (Swain, *J.*) sanctioning Nova by requiring it to

5   deposit $30,181,880.30–the amount of the judgment outstanding against it–with

6   the court.  The district court further ordered that the monies would be paid to

7   Universitas Education, LLC to satisfy the outstanding judgment Universitas

8   holds against Nova, with any excess paid to the district court's general sanction

9   fund.  We hold that the district court may not collect damages owed to a party

10  through an imposition of a sanction.  We vacate and remand to the district court

11  for further proceedings consistent with this opinion.

12                          **BACKGROUND**

13  Nova is the trustee, sponsor, and fiduciary of the Charter Oak Trust

14  Welfare Benefit Plan (the "Plan"). *Universitas Educ. LLC v. Nova Grp., Inc.*, No. 11

15  Civ. 1590 (LTS) (HBP), 2012 WL 2045942, at * 1 (S.D.N.Y. June 5, 2012). Private

16  equity firm Holdings Capital Group became a participating employer in the Plan.

17  *Id.* Holdings employed Sash A. Spencer, and Holdings took out two insurance

18  policies on Spencer's life, totaling $30 million, and placed those policies into the

1   Plan. *Id.* Spencer named Universitas as the sole, irrevocable beneficiary of the

2   proceeds from the policies as Plan benefits. *Id.* After Spencer's death, the life

3   insurance carrier paid out $30 million in insurance proceeds to the Plan. *Id.*

4   Universitas then sought to claim the proceeds from Nova. *Id.* Nova denied

5   Universitas's claim to the Plan's death benefit on a variety of grounds, including

6   that Universitas failed to file a timely claim. *Id.* The parties submitted their

7   dispute to binding arbitration pursuant to a contract-based arbitration clause. *Id.*

8   The arbitrator held Nova liable to Universitas for $26,558,308. *Id.*

9   Nova declined to pay the arbitral claim, choosing instead to commence an

10  action in the District of Connecticut to vacate the arbitration award. *Id.*

11  Universitas separately commenced an action in New York state court to confirm

12  the award. *Id.* Nova in turn removed the New York state action to federal court,

13  relying on both diversity and federal question jurisdiction, and the Connecticut

14  action was transferred to the Southern District of New York and consolidated

15  with the New York case. *Id.* The district court confirmed the arbitration award

16  on June 5, 2012, finding that the arbitrator did not exhibit a "manifest disregard

17  for the law," the only ground that Nova claimed warranted vacatur of the award.

18  *Id.* at *3. The court thus entered judgment in the amount of $30,181,880.30, which

1   included the original arbitration award and interest thereon.  *Id.*

2          Rather than settling the matter, the district court judgment spawned

3   additional litigation.  Nova moved both for reconsideration and for a stay of

4   post-judgment discovery, with both motions denied by the district court.  Then,

5   in July 2012, Nova filed a motion to dismiss for lack of subject matter jurisdiction,

6   arguing that it had wrongly removed the matter to federal court.  That motion

7   was dismissed for failure to comply with the district court's rules regarding the

8   filing of motions.  In August 2012, the district court granted Nova's application to

9   reinstate the motion to dismiss, but warned Nova "of the obligations and

10  potential penalties provided for by FRCP 11 and 28 U.S.C. § 1927." Special App'x

11  at 6.  Nova's then-counsel, Joseph M. Pastore, III, withdrew the motion to

12  dismiss on August 27, 2012.

13         Jack Robinson entered a notice of appearance on September 5, 2012 as

14  counsel for Nova and Charter Oak Trust, notwithstanding the fact that Charter

15  Oak Trust was not a party to the litigation.  On September 11, 2012, purportedly

16  on behalf of both Nova and Charter Oak, Robinson filed an amended motion to

17  dismiss for lack of subject matter jurisdiction–and it is this motion that sparked

18  the sanctions at issue in this appeal.  The amended motion to dismiss disclaimed

1   both the grounds for subject matter jurisdiction asserted by Nova in its removal

2   papers.  Nova argued complete diversity, as required by 28 U.S.C. § 1332, was

3   lacking because Charter Oak was a citizen of New York, as was Universitas.

4   Charter Oak was not a party to the litigation, but Nova argued that Charter Oak

5   was "a real and substantial party to the controversy." Special App'x at 7. Nova

6   also argued there was no federal question jurisdiciton as required by 18 U.S.C. §

7   1331 because Universitas' petition to confirm the arbitral award did not implicate

8   federal law.

9         The district court dismissed the motion to dismiss in a concise order,

10  finding it "wholly without merit." App'x at 487. Refusing to pay or to cooperate

11  in post-judgment discovery of its assets, Nova appealed, and this court

12  summarily affirmed, recognizing complete diversity and citing longstanding

13  precedent that a trustee may sue in its own right without regards to the

14  citizenship of trust beneficiaries.  *Universitas Educ., LLC v. Nova Grp., Inc.*, 513 F.

15  App'x 62, 64 (2d Cir. March 4, 2013). Our court also awarded Universitas its costs

16  on appeal, and ordered that the mandate "issue immediately." *Id.*

17        Universitas then moved in the district court for sanctions pursuant to

18  Federal Rule of Civil Procedure 11 against both Nova and its counsel on the

ground that the jurisdictional arguments were frivolous. On referral from Judge Swain, Magistrate Judge Henry Pitman issued a report and recommendation concluding that the motion to dismiss was frivolous and recommending sanctions for Rule 11 violations, including that (1) Nova be required to pay the attorneys' fees Universitas incurred in bringing its motion for sanctions; (2) Nova be required to seek permission of the court before filing any motions in the future; and (3) Robinson, as Nova's counsel, pay the attorneys' fees incurred by Universitas in opposing the amended motion to dismiss. As relevant to this appeal, the magistrate judge also recommended that Nova be ordered to deposit the full amount of the outstanding judgment with the court:

> The sanctionable conduct at issue here is symptomatic of Nova Group's stubborn and baseless efforts to impede Universitas' collection of the judgment. With the judgment deposited with the Court, there will no longer be a need for Universitas to engage in or for Nova Group to stubbornly resist collection efforts through the filing of baseless motions.

Special App'x at 28-29.

Nova timely objected to the report and recommendation. The district court rejected its arguments, adopting the report and recommendation in full. In opposing the proposed sanctions, Nova argued that (1) "[t]he proposed sanctions

1   are unnecessary, overbroad, and not in keeping with the requirement that Rule

2   11 sanctions be limited to what suffices to deter repetition of the conduct;" (2)

3   "the Court is without authority to, in effect, order the judgment debtor to satisfy

4   the judgment under the guise of a sanction;" and (3) "as a practical matter, Nova

5   does not have the assets to comply with any such sanction." App'x at 1055-56.

6   The district court rejected each of Nova's arguments, finding that the sanction's

7   purpose was not to compel payment of the judgment, as "the Report clearly

8   indicate[d] that the recommended sanctions are designed for deterrence of 'the

9   filing of potentially frivolous and meritless motions in the future.'" Special App'x

10  at 38-39.  The district court also found the sanctions comported with Rule 11,

11  because Rule 11 "clearly proscribes the filings of such motions and the proper

12  scope of sanctions under Rule 11 includes the deterrence of such filings." Special

13  App'x at 39. Finally, the district court found Nova failed to establish it lacked

14  access to funds sufficient to pay the judgment amount.

15       Nova appealed the sanctions order to this Court, limiting its appeal to the

16  sanction ordering it to pay the outstanding judgment amount into the district

17  court. After oral argument, we entered an order remanding the case to the district

18  court "for the limited purpose of allowing the district court . . . to set forth the

1   disposition for the proposed $30 million sanction after it is paid into the court."

2   No. 13-4154, Docket No. 73 (the "December 10, 2014 Order"). The district court

3   complied, issuing an order that clarified that its earlier sanction order required

4   Nova "to deposit the $30,181,880.30 as a sanction, with the Clerk of the Court, for

5   payment to petitioner Universitas Education, LLC in satisfaction of the judgment

6   up to the outstanding amount of the judgment with any excess to be paid to the

7   general sanction fund of the court." 1:11 cv 01590 (LJS) (HBP) Docket No. 534 (the

8   "December 18, 2014 Order").

9   Nova immediately commenced a second appeal from the December 18,

10  2014 Order, docketed as No. 14-4698, and we consolidated that appeal with this

11  one. Docket No. 83.  We also directed the parties to submit additional briefing,

12  limited to the issues raised by the district court's December 18, 2014 Order, the

13  results of which are reflected in the discussion that follows.

14  **DISCUSSION**

15  "We review all aspects of a District Court's decision to impose sanctions

16  for abuse of discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333

17  (2d Cir. 1999).  This deferential standard is applicable to the review of Rule 11

18  sanctions because, as in many other contexts, the district court is "[f]amiliar with

1    the issues and litigants" and is thus "better situated than the court of appeals to

2    marshal the pertinent facts and apply the fact-dependent legal standard

3    mandated by Rule 11." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990).

4    "A district court would necessarily abuse its discretion if it based its ruling on an

5    erroneous view of the law or on a clearly erroneous assessment of the evidence."

6    *Id.* at 405. However, "we bear in mind that when the district court is accuser,

7    fact finder and sentencing judge all in one, our review is more exacting than

8    under the ordinary abuse-of-discretion standard." *Wolters Kluwer Fin. Servs., Inc.*

9    *v. Scivantage*, 564 F.3d 110, 113-14 (2d Cir. 2000) (internal citation and quotation

10   marks omitted). While district courts are given "broad discretion" in creating

11   Rule 11 sanctions, the sanctions must still fit within the confines of the rule.

12   *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990).

13         Nova does not contest the district court's finding that it violated Fed. R.

14   Civ. P. 11(b)(1) and (2)[2]. *See Calloway v. Marvel Entertainment Group*, 854 F.2d

---

[2] *See* Fed. R. Civ. P. 11(b)(1) (by presenting a motion to the court, it is certified that the motion "is not being presented for any improper purpose, such as to harrass, cause unnecessary delay, or needlessly increase the cost of litigation"); Fed. R. Civ. P. 11(b)(2) (in presenting a motion to the court, it is certified that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

1452, 1475 (2d Cir. 1988) (noting that "where the party does know that the filing and signing is wrongful and the attorney reasonably should know, then sanctions against both are appropriate"), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989). Nor does Nova contest the award of attorneys' fees or the requirement that it seek permission from the district court before filing further motions.  Nova instead focuses its appeal on the sanction requiring it to deposit the full amount of the judgment outstanding against it with the district court.

      Rule 11(c)(4) provides that:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

      "Since the purpose of Rule 11 sanction is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into the court as a penalty." Fed. R. Civ. P. 11(c) advisory

committee's note to the 1993 amendments. "The 1993 revision makes clear that the main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender." 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1336.3 (3d ed. 2004). Thus:

> the present rule changes the emphasis with regard to the types of sanctions to be ordered by the district court. It envisions public interest remedies such as fines and reprimands as the norm, which is quite different from the prior emphasis on private interest remedies.

*Id*.

While not directly on point, we find useful guidance in cases barring the use of sanctions as a substitute for tort damages. As the Supreme Court warned:

> [W]e are confident that the district courts will resist the temptation to use sanctions as substitutes for tort damages. This case is a good example. [Defendant] asked that the sanctions award include consequential damages, but the District Court refused. "[W]hile sympathetic to [defendant's] plight," the court was "not persuaded that such compensation is within the purview of Rule 11."

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553-54 (1991) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 121 F.R.D. 402, 406 (N.D.Cal. 1988)). The Fifth Circuit put this exhortation into action in *Elliott v. M/V*

1   *LOIS B.*, 980 F.2d 1001 (5th Cir. 1993). There, the district court assessed Rule 11

2   sanctions against a party who sold a vessel that was the subject of in rem

3   proceedings. After finding that the party filed documents that were misleading

4   and bordered on perjury, the district court imposed a $60,000 sanction that

5   represented the sale price the party received for the vessel. On appeal, the Fifth

6   Circuit vacated the sanction, finding it acted as "a substitute for tort damages,"

7   and as such, was "beyond the scope of Rule 11." *Id.* at 1008.

8   From this background we draw the conclusion that a district court abuses

9   its discretion in imposing sanctions when the sanctions are used for enforcing or

10  collecting damages. Because the district court's December 18, 2014 Order makes

11  clear that the sanction imposed here are for the express purpose of ending post-

12  judgment litigation by having the district court collect the outstanding judgment

13  amount on behalf of the plaintiffs, we vacate the sanction. While the district court

14  took pains to premise the sanction not as "a means of enforcing a judgment" but

15  "rather [as] a means of deterring the ongoing and dilatory efforts of Nova,"

16  Special App'x 39 (alteration added), that premise cannot be reconciled with the

17  December 18, 2014 Order directing the sanction amount be paid over to

18  Universitas. The district court cannot become a de facto collection agency for

plaintiffs struggling with recalcitrant judgment debtors.

To be clear: there is no disagreement that a sanction aimed at deterring Nova's persistent and abusive litigation conduct is appropriate and necessary. On remand the district court is free to craft a sanction that comports with both Rule 11 and this opinion.

## CONCLUSION

For the reasons given above, the December 18, 2014 Order of the district court is VACATED, as is that portion of the September 20, 2014 Order directing Nova to deposit $30,181,880.30. This matter is hereby REMANDED for further proceedings consistent with this opinion.