# EXHIBIT 9

# HURWITZ SAGARIN SLOSSBERG &KNUFF LLC



LAW OFFICES
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
T: 203.877.8000
F: 203.878.9800
hssklaw.com

DAVID A. SLOSSBERG, ESQ.
DSlossberg@hssklaw.com

*VIA REGULAR MAIL AND EMAIL (pcolbath@loeb.com)*

September 2, 2015

Paula K. Colbath
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Re:     Universitas Education, LLC v. Nova Group, Inc., 1:11-cv-01590

Dear Attorney Colbath:

As you know, our office represents Dan Carpenter in connection with Universitas' Request for the Production of Documents dated July 13, 2015 (the "Requests"). We have just received the attached correspondence from Brown Paindiris & Scott, LLP, who represents Mr. Carpenter in connection with a criminal prosecution against him in the United States District Court for the District of Connecticut. In light of this request, Mr. Carpenter is asserting his Fifth Amendment privilege and our office will not be producing any documents at this time. Nonetheless, we would be happy to schedule a meet and confer with you next week to discuss your client's pending document requests.

Very truly yours,

David A. Slossberg

Enclosure

# BROWN PAINDIRIS & SCOTT, LLP
Attorneys at Law

—

100 PEARL STREET

HARTFORD, CONNECTICUT 06103

(860) 522-3343

FAX (860) 522-2490

www.bpslawyers.com

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
SEAN M. PEOPLES
DAVID S. RINTOUL
J. LAWRENCE PRICE
DAVID K. JAFFE
SIMON J. LEBO
LOUIS W. FLYNN, JR.
BARRY F. ARMATA †
BRIDGET C. GALLAGHER
BRUCE E. NEWMAN▫◻
REGINA VON GOOTKIN
KRISTINA M. LENDA
CHERYL L. V. CASSELLA
CODY N. GUARNIERI
LINDSAY E. WEBER

2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382

—

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

—

747 STAFFORD AVENUE
BRISTOL, CT 06010
(860) 589-4417

—

†ALSO ADMITTED IN MA
*ALSO ADMITTED IN DC
▫ALSO ADMITTED IN NY
◻ALSO ADMITTED IN CA

September 2, 2015

**LEGAL MAIL**
**PERSONAL AND CONFIDENTIAL**

David A. Slossberg, Esq.
David C. Shufrin, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
P.O. Box 112
Milford, Connecticut 06460

**Re:    United States v. Daniel Carpenter**

Dear Attorneys Slossberg and Shufrin:

This letter is in follow up with my phone call to your office of September 2, 2015. As you know, this office represents Mr. Daniel Carpenter with regard to a pending criminal prosecution in the United States District Court for the District of Connecticut, under docket number 3:13CR226, before the honorable Judge Robert N. Chatigny.

I understand that your office represents Mr. Carpenter in his capacity as a judgment debtor related to a judgment entered in the Southern District of New York. It is also my understanding that counsel for the judgment creditor in that action has requested the production of certain documents and/or materials from Mr. Carpenter, related to his alleged involvement with a number of business entities.

Given the nature and procedural posture of Mr. Carpenter's prosecution in this District, we request that Mr. Carpenter assert his Fifth Amendment right against self-incrimination in declining to respond to requests for production which may relate to business entities which are implicated in this prosecution.

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The right against self-incrimination contained in the Fifth Amendment,

BROWN PAINDIRIS & SCOTT, LLP

September 2, 2015
Page 2

however, bars only "compelled incriminating communications . . . that are 'testimonial' in character." United States v. Hubbell, 530 U.S. 27, 34 (2000).  Moreover, "[t]he act of producing documents in response to a subpoena may have a compelled testimonial aspect. [The Supreme Court] ha[s] held that 'the act of production' itself may implicitly communicate 'statements of fact.' By 'producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.'" Id. at 36.

Thank you for your kind attention to this matter.

Sincerely,

Cody N. Guarnieri

CC:   Richard R. Brown, Esq.