# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                          Judgment Creditor,         :

                    -against-            :     Case Nos. 11-1590-LTS and
                                                            11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,                :     **RESTRAINING NOTICE**

                          Judgment Debtor.
-------------------------------------------------------------X

To:    Benistar Admin. Services, Inc.
       10 Tower Lane Suite 2
       Avon, CT 06001

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett             .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295322.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,       :

              -against-         :     Case Nos. 11-1590-LTS and
                                     11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :     **RESTRAINING NOTICE**

              Judgment Debtor.
----------------------------------------------------------------X

    To:    Molly Carpenter
           18 Pondside Lane
           West Simsbury, CT 06092

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div style="text-align:center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1295325.1

<div style="text-align:center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                       Judgment Creditor,       :

               -against-             :     Case Nos. 11-1590-LTS and
                                                     11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

                     Judgment Debtor.
--------------------------------------------------------------X

    To:     Donald J. Trudeau
            1061 King Street
            Greenwich, CT 06831

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.


New York, NY

Dated: September 16, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                 .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295324.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,        :

             -against-            :      Case Nos. 11-1590-LTS and
                                              11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and      :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :      **RESTRAINING NOTICE**

                Judgment Debtor.
-------------------------------------------------------------X

    To:    Kathy Kehoe
           28 Stevens Street
           East Hartford, CT 06118

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett                .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1295342.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,      :

           -against-             :    Case Nos. 11-1590-LTS and
                                    11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

               Judgment Debtor.
-------------------------------------------------------------X

    To:    Donna Wayne
           51 Trailsend Drive
           Canton, CT 06019

      **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

WHEREAS, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

WHEREAS, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

TAKE FURTHER NOTICE that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div style="text-align:center;">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett     .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295337.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,       :

           -against-              :     Case Nos. 11-1590-LTS and
                                   11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

                Judgment Debtor.
--------------------------------------------------------------X

    To:    Amanda Rossi
           191 Parker Road
           Somers, CT 06071

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">

LOEB & LOEB LLP

By: /s/ Michael Barnett                     .
     Paula K. Colbath (PC-9895)
     Michael Barnett (MB-7686)
     345 Park Avenue
     New York, New York 10154-1895
     (212) 407-4000

     *Attorneys for Petitioner/Judgment Creditor*
     *Universitas Education, LLC*

</div>

NY1295327.1

<div align="center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,        :

              -against-         :    Case Nos. 11-1590-LTS and
                                 11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :    **RESTRAINING NOTICE**

               Judgment Debtor.
-------------------------------------------------------------X

    To:    Ineke Murphy
            12 Greenbriar Drive, Apt. C
            Farmington, CT 06032

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div style="text-align: center;">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett          .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295335.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,      :

           -against-           :    Case Nos. 11-1590-LTS and
                                    11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

                Judgment Debtor.
------------------------------------------------------------X

To:    Donna Dawson
       64 Midian Avenue
       Windsor, CT 06095

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div style="text-align: center;">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295338.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                       Judgment Creditor,         :

               -against-            :     Case Nos. 11-1590-LTS and
                                                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :     **RESTRAINING NOTICE**

                       Judgment Debtor.
-------------------------------------------------------------X

To:    Westcott & Associates
       35 Tower Lane
       Avon, CT  06001

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett .
      Paula K. Colbath (PC-9895)
      Michael Barnett (MB-7686)
      345 Park Avenue
      New York, New York 10154-1895
      (212) 407-4000

      *Attorneys for Petitioner/Judgment Creditor*
      *Universitas Education, LLC*

NY1299823.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,        :

                -against-           :    Case Nos. 11-1590-LTS and
                                                  11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :    **RESTRAINING NOTICE**

                Judgment Debtor.
-------------------------------------------------------------X

    To:    Matt Westcott
          117 Vineyard Road
          Burlington, CT 06013

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                    .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295340.1

<div align="center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,          :

              -against-            :    Case Nos. 11-1590-LTS and
                                 11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and  :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :    **RESTRAINING NOTICE**

              Judgment Debtor.
--------------------------------------------------------------X

     To:    National Life Insurance Company and Life Insurance Company of the Southwest
           1 National Life Drive
           Montpelier, VT 05604

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.


New York, NY

Dated: September 24, 2014

<div style="text-align:center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett      .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1300008.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

       Judgment Creditor,   :

      -against-      :  Case Nos. 11-1590-LTS and
                 11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,     :  **RESTRAINING NOTICE**

       Judgment Debtor.
--------------------------------------------------------------X

  To:  SADI Trust
     10 Tower Lane Suite 2
     Avon, CT 06001

   **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">LOEB &amp; LOEB LLP</div>

By: /s/ Michael Barnett                   .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1295315.1

<div align="center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,        :

             -against-            :     Case Nos. 11-1590-LTS and
                                         11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,            :    **RESTRAINING NOTICE**

                Judgment Debtor.
--------------------------------------------------------------X

To:    Hanover Benefit Plans
       10 Tower Lane Suite 2
       Avon, CT 06001

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett_____.
Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor
Universitas Education, LLC*

NY1295318.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                     Judgment Creditor,        :

                    -against-             :      Case Nos. 11-1590-LTS and
                                                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :      **RESTRAINING NOTICE**

                    Judgment Debtor.
-------------------------------------------------------------X

      To:    Birch Hill Partners, LLC
            c/o Halloran & Sage LLP
            225 Asylum Street
            Hartford, CT 06103

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By:/s/ Michael Barnett              .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1299988.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                Judgment Creditor,          :

             -against-             :     Case Nos. 11-1590-LTS and
                                              11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

                Judgment Debtor.
-------------------------------------------------------------X

      To:     Grist Mill Partners, LLC
              35 Tower Lane
              Avon, CT  06001

      **WHEREAS,** in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div style="text-align:center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                     .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1299824.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                      Judgment Creditor,        :

                      -against-             :     Case Nos. 11-1590-LTS and
                                                11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :     **RESTRAINING NOTICE**

                      Judgment Debtor.
--------------------------------------------------------------X

    To:    Security Life of Denver Insurance Company
            8055 East Tufts Avenue, Suite 650
            Denver, CO 80237

    **WHEREAS,** in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett_____.
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1299991.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,           :

            -against-               :      Case Nos. 11-1590-LTS and
                                                      11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and     :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :     **RESTRAINING NOTICE**

               Judgment Debtor.
---------------------------------------------------------------X

      To:     Audit Risk Indemnity Association
              10 Tower Lane, Suite 2
              Avon, CT 06001

      **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett            .
Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299817.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,         :

               -against-             :    Case Nos. 11-1590-LTS and
                                                     11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :    **RESTRAINING NOTICE**

                 Judgment Debtor.
-------------------------------------------------------------X

To:    AVIVA Life & Annuity Company and Aviva Life & Annuity Company of New York
       324 South Service Road
       Suite 200
       Melville, NY 11747

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS**, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett                    .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1299993.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

              Judgment Creditor,        :

             -against-         :     Case Nos. 11-1590-LTS and
                             11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :     **RESTRAINING NOTICE**

             Judgment Debtor.
-------------------------------------------------------------X

    To:    MassMutual Financial Group and MassMutual Life Insurance Company
            530 Fifth Ave, 14th Floor
            New York, NY 10036-5101

      **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

WHEREAS, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

WHEREAS, it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

TAKE FURTHER NOTICE that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By:/s/ Michael Barnett                   .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299989.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,       :

               -against-         :     Case Nos. 11-1590-LTS and
                                           11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :     **RESTRAINING NOTICE**

                 Judgment Debtor.
---------------------------------------------------------------X

     To:     American General Life Insurance Company
            One World Financial Center
            200 Liberty Street
            New York, NY 10281

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett          .
Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299997.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                   Judgment Creditor,          :

              -against-             :      Case Nos. 11-1590-LTS and
                                                  11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,               :      **RESTRAINING NOTICE**

                Judgment Debtor.
-----------------------------------------------------------------X

    To:     Union Central Life Insurance Company
           1350 Broadway
           Suite 2201
           New York, NY 10018

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett    .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299998.1

<div align="center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,       :

              -against-            :    Case Nos. 11-1590-LTS and
                                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,            :    **RESTRAINING NOTICE**

             Judgment Debtor.
-------------------------------------------------------------X

To:    Fidelity and Guaranty Life Insurance Company
       Two Ruan Center
       601 Locust Street, 14th Floor
       Des Moines, IA 50309

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett          .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor
Universitas Education, LLC*

NY1300002.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

      Judgment Creditor,   :

       -against-     :  Case Nos. 11-1590-LTS and
                  11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,     :  **RESTRAINING NOTICE**

      Judgment Debtor.
-------------------------------------------------------------X

  To:  Transamerica Financial Life Insurance Company
     440 Mamaroneck Avenue
     Harrison, NY  10528

  **WHEREAS,** in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.


New York, NY

Dated: September 16, 2014

<div style="text-align: center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett_____.
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295350.1

<div style="text-align: center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,        :

             -against-               :      Case Nos. 11-1590-LTS and
                                              11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

               Judgment Debtor.
-------------------------------------------------------------X

To:    Carpenter Charitable Remainder Trust
       10 Tower Lane, Suite 2
       Avon, CT  06001

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                     .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299816.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                 Judgment Creditor,        :

              -against-            :     Case Nos. 11-1590-LTS and
                                             11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,           :     **RESTRAINING NOTICE**

                 Judgment Debtor.

--------------------------------------------------------------X

       To:     TPG Group
              10 Tower Lane Suite 2
              Avon, CT 06001

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                    .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295320.1

<div align="center">3</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                     Judgment Creditor,         :

               -against-             :     Case Nos. 11-1590-LTS and
                                             11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

                 Judgment Debtor.
-------------------------------------------------------------X

    To:    NOVA Benefit Plans
            10 Tower Lane Suite 2
            Avon, CT 06001

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div style="margin-left:auto">

LOEB & LOEB LLP

By: /s/ Michael Barnett      .
   Paula K. Colbath (PC-9895)
   Michael Barnett (MB-7686)
   345 Park Avenue
   New York, New York 10154-1895
   (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

</div>

NY1295319.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                          Judgment Creditor,        :

                      -against-           :     Case Nos. 11-1590-LTS and
                                                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,            :    **RESTRAINING NOTICE**

                      Judgment Debtor.
------------------------------------------------------------X

To:    Metlife
       200 Park Avenue, 12th Floor
       New York, NY  10166

     **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1295348.1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                       Judgment Creditor,        :

                -against-             :     Case Nos. 11-1590-LTS and
                                                   11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,             :     **RESTRAINING NOTICE**

                     Judgment Debtor.
-------------------------------------------------------------X

     To:    Simsbury Bank and Trust Company
            981 Hopmeadow Street
            Simsbury, CT  06070

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 16, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                    .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

    *Attorneys for Petitioner/Judgment Creditor*
    *Universitas Education, LLC*

NY1295225.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                     Judgment Creditor,        :

                -against-             :     Case Nos. 11-1590-LTS and
                                          11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :     **RESTRAINING NOTICE**

                    Judgment Debtor.
-------------------------------------------------------------X

      To:    Seir Hill Partners, LLC
            35 Tower Lane
            Avon, CT  06001

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

2

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.


New York, NY

Dated: September 24, 2014

<div align="center">LOEB & LOEB LLP</div>

By: /s/ Michael Barnett                 .
    Paula K. Colbath (PC-9895)
    Michael Barnett (MB-7686)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299822.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,        :

              -against-           :    Case Nos. 11-1590-LTS and
                                              11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,          :    **RESTRAINING NOTICE**

               Judgment Debtor.
--------------------------------------------------------------X

    To:    Greyhound Partners, LLC
           10 Tower Lane, Suite 2
           Avon, CT  06001

    **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number 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) – **$30,600,000.00**

- Grist Mill Capital, LLC – (Tax Identification Numbers 26-2386232 and 81-0607868)
  – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number 20-0688307) – **$21,000,000.00**

- Carpenter Financial Group – Tax Identification Numbers 27-6417983 and 06-
  1536689 and 06-1536669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number 20-1196827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number 20-4006871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number 06-6526773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number 27-6108375) – **$1,200,000.00**

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY

Dated: September 24, 2014

LOEB & LOEB LLP

By: /s/ Michael Barnett                    .
Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

NY1299818.1

3