# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE INSURANCE COMPANY OF THE SOUTHWEST,

        Plaintiff,

v.

KATHY KEHOE, as Trustee of the GRIST MILL TRUST DATED OCTOBER 1, 2003 and UNIVERSITAS EDUCATION LLC,

        Defendants.

Case No. _____

---

## COMPLAINT IN INTERPLEADER

The Life Insurance Company of the Southwest, by and through its undersigned counsel, for its complaint against the above-named defendants, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Life Insurance Company of the Southwest ("LSW" or "Plaintiff") is a citizen of the State of Vermont, being a life insurance company organized and existing under the laws of the Texas, and is located at 1 National Life Drive, Montpelier, VT 05604.

2. Upon information and belief, defendant Kathy Kehoe is the Trustee of the Grist Mill Trust Dated October 1, 2003 (the "Grist Mill Trust") and is a citizen of Connecticut located at 10 Tower Lane, Avon, Connecticut 06001.

3. Upon information and belief, defendant Universitas Education LLC ("Universitas") is a Delaware limited liability company and is located at 404 E. 55th Street, 13A, New York, NY 10022 and is a citizen of New York.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount at issue exceeds the requisite amount in controversy, exclusive of interest and costs. This Court also has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 because there are two or more

{M0911504.1}        1

parties of diverse citizenship and the amount at issue exceeds the requisite amount in controversy.

5.     Venue is proper pursuant to 28 U.S.C. § 1397 because at least one defendant resides in this judicial district.

## FACTUAL BACKGROUND

### The Life Insurance Policies At Issue and Restraining Notices

6.     On or about July 23, 2007, LSW issued Policy No. LS0147497 insuring the life of the Insured[1] with a death benefit in the amount of $1,000,000 (the "Policy").

7.     Upon information and belief, the Insured died on October 18, 2014.

8.     At the time of the Insured's death the owner and beneficiary of the Policy was the Grist Mill Trust.

9.     Upon information and belief, Hanover Benefit Plans, LLC is the plan sponsor for the Grist Mill Trust.

10.    On or about November 18, 2014, a representative of Hanover Benefit Plans LLC contacted LSW requesting payment of the proceeds of the Policy over to the Grist Mill Trust.

11.    Upon information and belief, on August 12, 2014, and in connection with an action styled as *Universitas Education, LLC v. Nova Group, Inc., as trustee, sponsor and fiduciary of The Charter Oak Trust Welfare Benefit Plan, etal.* (Case Nos. 11-CV-1590-LTS-HBP and 11-CV-8726-LTS S.D.N.Y.) (the "Universitas Litigation"), a judgment was entered in favor of Universitas on August 12, 2014 (amended judgment entered on August 15, 2014) (collectively the "Judgment").

12.    Upon information and belief, the Judgment was entered against the following judgment debtors: (i) Daniel E. Carpenter; (ii) Grist Mill Capital, LLC; (iii) Grist Mill Holdings, LLC; (iv) Carpenter Financial Group; (v) Avon Capital, LLC; (vi) Phoenix Capital Management, LLC; (vii) Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets; and (viii) Hanover Trust Company (collectively, the "Judgment Debtors").

---

[1] The name of the Insured has been intentionally omitted because LSW does not believe that it is germane to this interpleader action. LSW will provide the name of the Insured should the Court require the same.

{M0911504.1}                                            2

13. On or about September 24, 2014 and February 19, 2015, in connection with the Judgment, Universitas issued restraining notices to LSW and LSW's affiliate National Life Insurance Company (the "Restraining Notices").

14. The Restraining Notices stated, *inter alia,* that "it appears that LSW owe[s] a debt to one or more of the Judgment Debtors, or [is] in possession of property in which one or more of the Judgment Debtors has an interest" and that LSW is "forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt" with only limited exceptions.

15. As a result of the above, a clear dispute between the Grist Mill Trust and Universitas exists as both parties seek the proceeds of the Policy.

## INTERPLEADER IS THE PROPER REMEDY

16. The allegations in paragraphs 1 to 15 are incorporated herein by reference.

17. LSW admits that the proceeds of the Policy, plus accrued interest, are payable.

18. LSW is unable to determine how the Policy proceeds should be disbursed and which defendant should receive the same.

19. LSW claims no beneficial interest in the proceeds of the Policy and is merely a stakeholder.

20. Unless the conflicting claims to the proceeds of the Policy are disposed of in a single proceeding, LSW may be subject to multiple litigation and at substantial risk of suffering duplicate or inconsistent rulings on liability for payment.

21. LSW is ready, willing, and able to pay the proceeds of the Policy, plus accrued interest, into the Registry of the Court upon issuance of an order permitting LSW to deposit the proceeds of the Policy.

22. LSW is entitled to an order enjoining the defendants, and anyone directly or indirectly acting on their behalf, from prosecuting any action against LSW regarding payment of the proceeds of the Policy.

23. LSW should be discharged as a disinterested stakeholder and should recover its attorneys' fees and costs that it incurs in this interpleader action.

24. Prior to the commencement of this action counsel for LSW was successful in contacting counsel for Universitas and obtained Universitas consent to a joint motion to

deposit the proceeds of the Policy into the Court. Counsel for LSW was unsuccessful in obtaining a response from counsel for the Grist Mill Trust regarding its consent to the joint motion.

### RELIEF REQUESTED

**WHEREFORE,** Life Insurance Company of the Southwest respectfully requests that this Court enter an Order as follows:

1. Requiring the defendants to interplead and resolve between themselves their respective rights to the proceeds of the Policy;

2. Enjoining defendants, their agents, attorneys or assigns, from instituting any action against LSW relative to the proceeds of the Policy, or any portion thereof;

3. Permitting LSW to deposit the proceeds of the Policy, plus accrued interest, into the Registry of the Court;

4. Discharging LSW from any further liability to defendants;

5. Awarding LSW its costs and attorneys' fees incurred in this action; and

6. Awarding LSW such other and further relief as the Court may deem appropriate.

Respectfully submitted,

McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

Dated: June 12, 2015     By: _____

Jacob F. Lamme, Esq. Bar Roll JL-0819
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, New York 12207
(518) 447-3200
lamme@mltw.com

Mathew P. Barry (*pro hac vice* to be filed)
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, New York 12207
(518) 447-4243
barry@mltw.com

*Attorneys for Plaintiff*
*Life Insurance Company of the Southwest*

{M0911504.1}                                4