**EXHIBIT 15**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE PENN MUTUAL LIFE INSURANCE
COMPANY,

        Plaintiff,

    v.

KATHY KEHOE, as Trustee of the SICKNESS,
ACCIDENT & DISABILITY INDEMNITY
TRUST 2005; KATHY KEHOE, as Trustee of the
GRIST MILL TRUST DATED 10-1-03;
and UNIVERSITAS EDUCATION LLC,

        Defendants.
------------------------------------------------------------X

15 CV 1111

Case No. _____

## COMPLAINT IN INTERPLEADER

The Penn Mutual Life Insurance Company, by and through its undersigned counsel, for its complaint in interpleader against the above-named Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff The Penn Mutual Life Insurance Company ("Penn Mutual") is a citizen of the Commonwealth of Pennsylvania, being a life insurance company organized and existing under the laws of the Commonwealth of Pennsylvania, and located at 600 Dresher Road, Horsham, PA 19044.

2. Defendant Kathy Kehoe, as Trustee of the Sickness, Accident & Disability Indemnity Trust 2005 (the "SADI Trust") is a citizen of Connecticut, located at 10 Tower Lane, Avon, CT 06001.

3. Defendant Kathy Kehoe, as Trustee of the Grist Mill Trust Dated 10-1-03 (the "Grist Mill Trust") is a citizen of Connecticut, located at 10 Tower Lane, Avon, CT 06001.

4. Upon information and belief, Defendant Universitas Education LLC ("Universitas") is a Delaware limited liability company, and located at 404 E. 55th Street, 13A, New York, NY 10022. Universitas is a citizen of New York "because it is a limited liability company whose members are domiciled in New York." *Universitas Educ., LLC v. Nova Group, Inc.*, 513 Fed. App'x 62, 63 (2d Cir. 2013).

5. This Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount to be interplead exceeds the requisite amount in controversy, exclusive of interest and costs. This Court also has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 because there are two or more claimants of diverse citizenship, and the amount to be interplead exceeds the requisite amount in controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1397 because at least one Defendant resides in this judicial district.

## FACTUAL BACKGROUND

### A. The Life Insurance Policies At Issue.

7. On or about September 21, 2005, Penn Mutual issued Policy No. 008170968 insuring the life of an individual (the "Insured")[1] with a death benefit in the amount of $1,250,000 (the "SADI Policy").

8. On or about June 6, 2007, Penn Mutual issued Policy No. 008199632 insuring the life of the Insured with a death benefit in the amount of $750,000 (the "Grist Mill Policy").

9. Upon information and belief, the Insured died on October 18, 2014.

---

[1] The name of the Insured has been intentionally omitted because Penn Mutual does not believe that it is germane to this interpleader action. Should the Court wish to be made aware of the name of the Insured, Penn Mutual will provide that information upon request.

10. At the time of the Insured's death, the owner and beneficiary of the SADI Policy was the SADI Trust.

11. At the time of the Insured's death, the owner and beneficiary of the Grist Mill Policy was the Grist Mill Trust.

## B. The Restraining Notice and Penn Mutual's Interpretation Thereof.

12. On August 12, 2014, prior to the Insured's death, and in connection with an action styled as *Universitas Education, LLC v. Nova Group, Inc., as trustee, sponsor and fiduciary of The Charter Oak Trust Welfare Benefit Plan, et al.* (Case Nos. 11-CV-1590-LTS-HBP and 11-CV-8726-LTS S.D.N.Y.) (the "Universitas Litigation"), a judgment was entered in favor of Universitas on August 15, 2014 (the "Judgment"). (*See* Universitas Litigation, Doc No. 304.)

13. The Judgment was entered against the following judgment debtors: (i) Daniel E. Carpenter; (ii) Grist Mill Capital, LLC; (iii) Grist Mill Holdings, LLC; (iv) Carpenter Financial Group; (v) Avon Capital, LLC; (vi) Phoenix Capital Management, LLC; (vii) Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets; and (viii) Hanover Trust Company (collectively, the "Judgment Debtors"). (*See id.*)

14. On or about August 27, 2014, in connection with the Judgment, Universitas issued a Restraining Notice to Penn Mutual (the "Restraining Notice"). (*See* Universitas Litigation, Doc No. 543 at pp. 3-5 of 5.)

15. The Restraining Notice stated, *inter alia*, that "it appears that [Penn Mutual] owe[s] a debt to one or more of the Judgment Debtors, or [is] in possession of property in which one or more of the Judgment Debtors has an interest" and that Penn Mutual is "forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such

property or pay over or otherwise dispose of any such debt" with only limited exceptions. (*See id.*)

16. Penn Mutual views the Restraining Notice as pertaining to property in which the Grist Mill Trust maintains an interest, and possibly to property in which the SADI Trust maintains an interest. Thus, it is unclear to whom the proceeds of the Grist Mill Policy and the SADI Policy should be paid.

17. Upon information and belief, Judgment Debtor Daniel E. Carpenter ("Carpenter") used a bevy of entities to conduct his business. Indeed, in the 1990s, Carpenter ran a business called "Benistar" and, in doing so, operated that business through a number of entities, including but not limited to, Benistar Property Exchange Trust Company, Inc., Benistar Admin Services, Inc., Benistar Employer Services Trust Corporation, and Benistar 419 Plan Services, Inc. All of these entities were organized in Delaware with their principal place of business located at 100 Grist Mill Road, Simsbury, CT. The Grist Mill Trust and the SADI Trust are/were associated with the same 100 Grist Mill Road address in Simsbury, CT.

18. Further, Judgment Debtor Hanover Trust Company and Hanover Benefit Plans LLC, which is the current plan sponsor of the Grist Mill Trust and the SADI Trust, are both Delaware entities that use Benistar Employer Services Trust Corporation as their Registered Agent. In addition, Benistar Client Services, Inc., which also has a principal place of business at 100 Grist Mill Road, has a 99% interest in Hanover Benefits Plans, LLC.

19. Therefore, upon information and belief, Carpenter has or had an interest in Hanover Benefit Plans LLC and Hanover Trust Company.

20. By way of further example, the Grist Mill Trust and the SADI Trust also had the same original Trustee, Wayne Bursey ("Bursey"), and now have the same successor Trustee,

Kathy Kehoe ("Kehoe"). Bursey has been named as a co-defendant along with Carpenter in civil lawsuits and was recently named as a co-defendant of Carpenter's in an indictment styled as *United States of America v. Daniel Carpenter and Wayne Bursey* (Case No. 13-CR-226 D. Conn.). Kehoe is or was a member of the Trust Department of Benistar Admin Services, Inc., which was the third-party administrator of the Grist Mill Trust. Kehoe is also listed as the secretary of Benistar 419 Plan Services, Inc.

21. This Court has already determined that Carpenter controlled the Grist Mill Trust. *See Universitas Educ., LLC v. Nova Group, Inc.*, 2014 WL 3883371, at *2 (S.D.N.Y. August 07, 2014) (finding that the Grist Mill Trust "was under Mr. Carpenter's control at all relevant times, notwithstanding Mr. Bursey's titular authority"). Accordingly, this Court has already determined that Carpenter has or had an interest in the property of the Grist Mill Trust.

22. Upon information and belief, Carpenter also may have an interest in the property of the SADI Trust, among other trusts.

**C.   The Dispute Regarding the Proceeds of the Grist Mill and SADI Policies.**

23. Regardless of Penn Mutual's interpretation of the Restraining Notice, a dispute between the Grist Mill Trust and the SADI Trust, on the one hand, and Universitas, on the other hand, regarding the proceeds of both the Grist Mill Policy and the SADI Policy remains unresolved. Both the Grist Mill Trust and Universitas seek the proceeds of the Grist Mill Policy. Moreover, the SADI Trust seeks the proceeds of the SADI Policy, but Universitas has suggested that it may be entitled to the proceeds of the SADI Policy.

24. On October 30, 2014, less than two weeks after the death of the Insured, counsel for the Grist Mill Trust and the SADI Trust contacted counsel for Penn Mutual and advised that the Grist Mill Trust and the SADI Trust would move for a protective order seeking a

modification of the Restraining Notice, which would allow Penn Mutual to pay the proceeds of the Grist Mill Policy to the Grist Mill Trust and the proceeds of the SADI Policy to the SADI Trust.

25. On November 13, 2014, counsel for the Grist Mill Trust and the SADI Trust filed a Proposed Order to Show Cause in the Universitas Litigation, which requested that Universitas show cause why, *inter alia*, a protective order that would "allow Penn Mutual ... to pay death benefits to [the Grist Mill Trust] and [the] SADI [Trust] under two policies issued by Penn Mutual" should not be entered. (*See* Universitas Litigation, Doc Nos. 496, 497.)

26. On November 14, 2014, an Order to Show Cause was entered. (*See* Universitas Litigation, Doc No. 498.)

27. In response to the Order to Show Cause, on December 4, 2014, Universitas filed a Cross-Motion for Turnover, which, *inter alia*, sought an order directing Penn Mutual to pay Universitas the proceeds of the Grist Mill Policy and claimed that the SADI Trust stated no valid basis for relief from the court with respect to the SADI Policy. (*See* Universitas Litigation, Doc Nos. 517-519.)

28. In its Cross-Motion for Turnover, although it had the opportunity, Universitas did not concede that the Restraining Notice applied only to the Grist Mill Trust and not to the SADI Trust. (*See* Universitas Litigation, Doc No. 519 at pp. 30-31 of 34.) Instead, Universitas failed to offer any clarity as to whether it intended that the Restraining Notice should apply to the SADI Trust.

29. On December 16, 2014, the court heard oral argument regarding the positions taken by: (1) the Grist Mill Trust and the SADI Trust; and (2) Universitas. During the proceedings, Universitas represented that it would consult with counsel for Penn Mutual in an

attempt to resolve the issues regarding the scope of the Restraining Notice. The court requested that a status report be submitted on or before December 23, 2014.

30. On December 22, 2014, counsel for Penn Mutual sent counsel for Universitas a proposed stipulation intended to clarify the scope of the Restraining Notice (*i.e.*, that the Restraining Notice was limited to the Grist Mill Trust only, and not the SADI Trust or other trusts).

31. However, on December 23, 2014, counsel for Universitas advised that, before Universitas could agree to the proposed stipulation, it would need to be certain that the non-Grist Mill Trust entities were sufficiently unaffiliated with the Grist Mill Trust or any other Judgment Debtors.

32. Also on December 23, 2014, counsel for Universitas provided the court in the Universitas Litigation with a status report, which advised in pertinent part as follows: "In light of the complexities associated with the Carpenter Family's operations, we are continuing to analyze available documents and information in order to resolve these issues." (*See* Universitas Litigation, Doc No. 543.)

33. On January 5, 2015, the court in the Universitas Litigation determined that it did not have jurisdiction to adjudicate the Grist Mill Trust's and the SADI Trust's motion for protective order or Universitas' Cross-Motion for Turnover. (*See* Universitas Litigation, Doc No. 545.) As such, the issues regarding the scope of the Restraining Notice remain unresolved.

34. Universitas has also not agreed to Penn Mutual's additional requests that Universitas consent to the entry of Penn Mutual's proposed stipulation between the parties (or any variation thereof, with one exception[2]) to resolve the issues regarding the payment of the

---

[2] On February 11, 2015, Universitas agreed to allow one policy issued by Penn Mutual to be expressly carved out of the Restraining Notice.

proceeds of the Grist Mill Policy and SADI Policy because, upon information and belief, Universitas is still considering documents produced by the Grist Mill Trust and the SADI Trust.

35. There remains an outstanding question as to whether the proceeds of the Grist Mill Policy and the SADI Policy should be paid to the Grist Mill Trust and the SADI Trust, respectively, or should be paid to Universitas.

36. Accordingly, an unresolved dispute exits over the proceeds of the Grist Mill Policy and the SADI Policy.

## INTERPLEADER IS THE PROPER REMEDY

37. The allegations in paragraphs 1 to 36 are incorporated herein by reference.

38. Penn Mutual admits that the proceeds of the Grist Mill Policy and the SADI Policy, plus accrued interest, are payable.

39. Penn Mutual is unable to determine which Defendants are entitled to the proceeds of the Grist Mill Policy or the SADI Policy.

40. Penn Mutual claims no beneficial interest in the proceeds of either the Grist Mill Policy or the SADI Policy and is a mere stakeholder.

41. Unless the potentially conflicting claims to the proceeds of the Grist Mill Policy and the SADI Policy are disposed of in a single proceeding, Penn Mutual may be subject to multiple litigation and at substantial risk of suffering duplicate or inconsistent rulings on liability for payment.

42. Penn Mutual is ready, willing, and able to pay the proceeds of the Grist Mill Policy and the SADI Policy, plus accrued interest, into the Registry of the Court, upon issuance of an authorizing order permitting Penn Mutual to deposit the proceeds of the Grist Mill Policy and the SADI Policy.

43. Penn Mutual is entitled to an order enjoining Defendants, and anyone directly or indirectly acting on their behalf, from prosecuting any action against Penn Mutual regarding payment of the proceeds of the Grist Mill Policy and the SADI Policy.

44. Penn Mutual should be discharged as a disinterested stakeholder and should recover its attorneys' fees and costs that it incurs in this interpleader action.

## RELIEF REQUESTED

**WHEREFORE**, Penn Mutual respectfully requests that this Court enter judgment in favor of Penn Mutual and against Defendants as follows:

1. That the Court determine that Defendants be required to interplead and resolve between themselves their respective rights to the proceeds of the Grist Mill Policy and the SADI Policy;

2. That the Court enter an order enjoining Defendants, their agents, attorneys or assigns, from instituting any action against Penn Mutual relative to the proceeds of the Grist Mill Policy and the SADI Policy, or any portion thereof;

3. That Penn Mutual be permitted to deposit the proceeds of the Grist Mill Policy and SADI Policy, plus accrued interest, into the Registry of the Court;

4. That the Court discharge Penn Mutual from any further liability to Defendants;

5. That Penn Mutual be awarded its costs and attorneys' fees incurred in this action; and

6. That Penn Mutual be awarded such other and further relief as the Court may deem appropriate.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

Dated: February 17, 2015            By: _____
Katherine L. Villanueva (KV5283)
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 248-3140
Katherine.Villanueva@dbr.com

Robert J. Mancuso (*pro hac vice* to be filed)
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700
Robert.Mancuso@dbr.com

*Attorneys for Plaintiff*
*The Penn Mutual Life Insurance Company*