# EXHIBIT 21

AMERICAN ARBITRATION ASSOCIATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Universitas Education, LLC,

                          Claimant,           AAA No.: 13-195-Y-001558-10

           - against -                         INTERIM AWARD

Nova Group, Inc., Wayne Bursey Benistar Admin
Services, Inc., Donald Trudeau Grist Mill Capital,
LLC, and Daniel E. Carpenter,

                          Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        I, Peter Louis Altieri, the undersigned Arbitrator, was designated in accordance with the arbitration agreement contained in the Charter Oak Trust and having been duly sworn, and having heard the proofs and allegations of the Parties, hereby render the following Interim Award.

        Consistent with the "Report of Preliminary Hearing and Scheduling Order" dated September 17, 2010, it was determined that the parties would receive a reasoned Award, and not findings of fact and conclusions of law. Subsequently, by Order dated November 3, 2010, consistent with Commercial Arbitration Rule 30(b), it was determined that the arbitration proceedings were to be bifurcated. Hearings for the initial phase were held on December 6 through 8, 2010 ("PHASE I") with extensive briefings before and after the hearings. The parties for the PHASE I hearings were Claimant Universitas Education, LLC, against Respondents Nova Group, Inc. ("Nova"), Wayne Bursey ("Bursey") in his capacity as Trustee of the Charter Oak Trust and Charter Oak Trust Welfare Benefit Plan (hereinafter the Trust and Plan are collectively

"COT") and Benistar Admin Services, Inc. ("BASI") in its capacity as an administrator of the COT, (collectively "Respondents"). The issues to be determined in PHASE I included whether Respondents appropriately denied Claimant's claim for benefits and, if not, what damages should be awarded to Claimant.

This proceeding arises out of a claim by Universitas, a designated beneficiary of the COT, following the COT's denial of Universitas' claim for $30,000,000 in death benefits received by the COT in connection with life insurance on the life of Sash Spencer provided by The Lincoln National Life Insurance Company ("Lincoln National") at the request of Mr. Spencer's employer, Holdings Capital Group, Inc. ("Holdings Capital").

By their very nature, trusts are established for the benefit of their participants and beneficiaries, not for the benefit of the Sponsor, Trustee, or Plan Administrator. As a matter of law, the Sponsor, Trustee and Plan Administrator owe a fiduciary duty to the participants and their beneficiaries. Nova admits that it is a fiduciary of an employee welfare benefit plan. (See Respondents' Post Hearing Brief, p. 38). On behalf of Nova, the named trustee and Plan Sponsor of the COT, Mr. Bursey acknowledged Nova's fiduciary responsibilities when he wrote on October 22, 2008, "The Charter Oak Trust has been the Owner and Beneficiary of the Sash Spencer Lincoln Financial Group policies 7305475 and 7320809 since the inception of the policies. We have a fiduciary responsibility and legal obligation to carry out Mr. Spencer's wishes as he intended in a timely fashion to pay those death proceeds to a charity that he established prior to his death." (Exhibit 104).

==Whether analyzed under the common law or under ERISA principles, based on the evidence presented, I determine that the PHASE I Respondents violated their fiduciary duties==

by denying the claim for benefits under the COT. While I would be inclined to adopt certain adverse inferences requested by Claimant, as Claimant acknowledges, "adverse inferences are not necessary for Claimant to prevail on the merits in this proceeding" and therefore this Award is rendered based on the record evidence actually presented and not on any inferences. (Claimant's letter of January 4, 2011, fn. 4). I do not need to reach Claimant's other substantive legal claims given this determination of breach of fiduciary duty.

Following Mr. Spencer's untimely death on June 10, 2008, Universitas' representatives regularly communicated with Respondents in connection with assisting the COT in recovering the death benefits payable to it by Lincoln National and then by asserting Universitas' claim for those benefits to be paid by the COT to Universitas as the named beneficiary. Emails, phone calls, letters and meetings were frequent and continuous leading up to the formal submission of a written claim on the prescribed claim form on July 14, 2009 and corrected claim on September 21, 2009. The original claim as amended was denied October 2, 2009 and the subsequent appeal was denied February 9, 2010. (Exhibit 433).

Essentially, the claim and the appeal were denied for five reasons: (1) the existence of an illegal agreement to allow reversion to the employer and an illegal payment to an insurance broker; (2) the parties were engaged in a life settlement transaction; (3) the failure to file a timely claim; (4) the Claimant threatened litigation; and (5) any interest in the COT was transferred to Grist Mill Capital.

In connection with this proceeding, in addition to those reasons, Respondents asserted other defenses including alleged misrepresentation in connection with the insurance