# EXHIBIT 31

| | |
|---|---|
| DOCKET NO.: HDSP-178420 | : SUPERIOR COURT |
| GRIST MILL PARTNERS, LLC, | : JUDICIAL DISTRICT OF HARTFORD |
| V. | : AT HARTFORD HOUSING COURT |
| CURALEAF, LLC, | : MAY 29, 2015 |

## PLAINTIFF'S RESPONSES TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Connecticut Practice Book § 13-6, the Plaintiff, Grist Mill Partners, LLC, hereby responds to the Defendant's, Curaleaf, LLC, first set of interrogatories.

### DEFINITIONS

When used in these interrogatories and instructions, the following terms shall have the meanings set forth below:

1. "You" and "your" refer to plaintiff Grist Mill Partners, LLC, to whom the following interrogatories are addressed, and its agents and representatives.

2. "Person" means natural persons, firms, proprietorships, associations, governmental entities, partnerships, corporations, and every other type of organization or entity.

3. "Identify," when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization, address, and principal place of business at present.

4. "Identify," when used in reference to a natural person, means to state his/her full name, present residential address, present business title, present business affiliation, and present business address; or, if the above are not known, such information as last was known.

## INSTRUCTIONS

1. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. The singular form of a word shall be interpreted as the plural and the plural form of the word shall be interpreted as the singular whenever appropriate in order to bring within the scope of these discovery requests information that otherwise might be considered to be beyond their scope.

3. A request for identification of a person relates to all persons in the responsive classification or category.

4. Should Plaintiff object to an Interrogatory because of a claim of privilege or work product, identify such information with particularity and state the nature of and the complete factual basis for such claim.

5. Should Plaintiff object to any part of an Interrogatory and refuse to answer that part, state Plaintiff's objection and answer the remaining portion of the Interrogatory.

6. Pursuant to Connecticut Practice Book § 13-6, these Interrogatories are of a continuing nature, and Plaintiff is required to serve supplemental responses if further or different information is obtained after the date of Plaintiff's initial answer.

## INTERROGATORIES

Defendant requests that Plaintiff answer the following interrogatories, in writing, and under oath, within thirty (30) days, in accordance with Connecticut Practice Book § 13-6, *et seq*. Each interrogatory set forth herein shall be construed to include any supplemental information that is responsive thereto that is later discovered, prepared, or created by you or that comes into your knowledge, possession, or control.

1. Identify all of the members of Plaintiff from January 2015 to the present.

**RESPONSE:**

**Carpenter Financial Group, Inc. and Caroline Financial Group, Inc.**

2. Identify all persons who have, or have had, any ownership in Plaintiff from January 2015 to the present.

**RESPONSE:**

**Carpenter Financial Group, Inc. owns 99% of the Plaintiff while Caroline Financial Group, Inc. owns the other 1%.**

3. For each person listed in response to Interrogatory No. 2, describe the nature of that person's ownership in Plaintiff.

**RESPONSE:**

**Carpenter Financial Group, Inc. owns 99% of the Plaintiff while the remaining 1% is owned by Caroline Financial Group, Inc.**

- 3 -

4. Identify all persons who have, or have had, any control of Plaintiff from January 2015 to the present.

**OBJECTION:**

The Plaintiff objects to the use of the word "control" as vague and ambiguous. Specifically, the Plaintiff is uncertain as to the scope of "control" intended by the Interrogatory.

**RESPONSE:**

See response to the prior Interrogatory. Moreover, and without waiving the above objection, the Plaintiff has, at all times since it was entered, complied with the February 11, 2014 Order of the U.S. District Court for the Southern District of New York. That Order allowed the Lease Agreement between the parties to be transacted and that Order states that the Lease Agreement would not be in violation of the Restraining Notice also entered by that Court. Moreover, the Plaintiff has only disbursed funds as allowed by that Order.

5. For each person listed in response to Interrogatory No. 4, describe the nature of that person's control of Plaintiff.

**OBJECTION:**

The Plaintiff objects to the use of the word "control" as vague and ambiguous. Specifically, the Plaintiff is uncertain as to the scope of "control" intended by the Interrogatory.

**RESPONSE:**

- 4 -

See response to the Interrogatory No. 3. Moreover, and without waiving the above objection, the Plaintiff has at all times since it was entered, complied with the February 11, 2014 Order of the U.S. District Court for the Southern District of New York. That Order allowed the Lease Agreement between the parties to be transacted and that Court stated that the Lease Agreement would not be in violation of the Restraining Notice also entered by that Court. Moreover, the Plaintiff has only disbursed funds as allowed by that Order.

6. Identify all persons who derived revenue from Plaintiff from January 2015 to the present.

RESPONSE:

The Plaintiff has derived revenue during the months which the Defendant actually paid its monthly rent. The Plaintiff has only disbursed funds as allowed by the District Court's Order of February 11, 2014.

7. For each person listed in response to Interrogatory No. 6, provide the amount of revenue derived from Plaintiff and the date(s) when each person received such revenue.

RESPONSE:

The only revenue generated by the Plaintiff has been the monthly rental amounts received from the Defendant when the Defendant was paying its monthly rent. No other revenue has been generated by the Plaintiff. Moreover, the Plaintiff has only disbursed

funds as allowed by the District Court's Order of February 11, 2014. As such, no funds have been disbursed to Daniel Carpenter, Carpenter Financial Group, Inc. or any other party listed in the Restraining Order.

PLAINTIFF,
GRIST MILL PARTNERS, LLC

By /s/ Michael S. Wrona

Michael S. Wrona, Esq.
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103
Tel. No.: (860) 297-4626
Fax No.: (860) 522-0006
E-mail: wrona@halloransage.com

## CERTIFICATION

This is to certify that a copy of the foregoing Responses to the Defendant's First Set of Interrogatories was mailed electronically, on this 29th day of May, 2015, to all counsel of record as follows:

Brian R. Smith, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
E-mail: bsmith@rc.com

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
E-mail: craabe@rc.com

Sorell E. Negro, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
E-mail: snegro@rc.com

Michael S. Wrona

3807266v.1

## VERIFICATION

I hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

GRIST MILL PARTNERS, LLC
By Caroline Financial Group, Inc.
Its Managing Member

_____
Matthew Westcott
President

Subscribed and sworn to before me this 29th day of May, 2015.

_____
Notary Public
Commissioner of the Superior Court
My Commission Expires:

JASON J. CONCATELLI
Notary Public, State of Connecticut
My Commission Expires March 31, 2017

2694825v.1
3808299v.1