# EXHIBIT 41

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | : Civil Actions Nos.<br>: 11 CV 1590-LTS-HBP/<br>: 11 CV 8726-LTS-RLE |
| Petitioner, | : *(Pending in S.D.N.Y.)*<br>: *(Companion Cases)* |
| v. | : |
| NOVA GROUP, INC., as Trustee, Sponsor<br>And Named Fiduciary of the CHARTER OAK<br>TRUST WELFARE BENEFIT PLAN, | : CT Case No. _____ |
| Respondent. | : July 5, 2012 |
| NOVA GROUP, INC., as Trustee, Sponsor<br>And Named Fiduciary of the CHARTER OAK<br>TRUST WELFARE BENEFIT PLAN, | : |
| Petitioner, | : |
| v. | : |
| UNIVERSITAS EDUCATION, LLC, | : |
| Respondent. | : |

## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SUBPOENA AS TO SIMSBURY BANK

Pursuant to F.R.C.P. 45 and Local Rule 7, Defendant Nova Group, Inc. ("Nova" or "Movant"), as the Sponsor, Trustee and Named Fiduciary of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak"), hereby submits this memorandum in support of the motion to quash a subpoena ("Subpoena") issued on or around June 22, 2012 by Plaintiff, Universitas Education, LLC ("Universitas") with respect to the underlying action entitled *Universitas Education, LLC v. Nova Group, Inc., as trustee, sponsor and fiduciary of The Charter Oak Trust Welfare Benefit Plan* [Dkt. Nos. 11 CV 1590-LTS-HBP/11 CV 8726-LTS-RLE] (the "New York

9613844.1

banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" *Id.* at *1 (*quoting Arias-Zeballos v. Tan*, No. 06 Civ. 1268, 2007 U.S. Dist. LEXIS 5068, at *2-3 (S.D.N.Y. Jan. 24, 2007)); *see also Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (defendants had standing to object to issuance of subpoenas served by plaintiff on third parties based on claim of personal privacy rights in records); *Carey v. Bertsford Metals Corp.*, No. 90 Civ. 1045, 1991 WL 44843 (S.D.N.Y. Mar. 28, 1991) (plaintiff had privacy interest in his bank records, allowing him to contest subpoena served on nonparty bank).

Likewise, it is well-established that parties have a "sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoena." *Catskill Dev., L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y.2002) (party has standing to oppose subpoena for its banking records); *Pkfinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 WL 525862 (S.D.N.Y. Sept.17, 1996) (defendant has a shared privilege interest with its parent company and bank, and therefore had standing to contest the discovery); *Sierra Rutile Ltd. v. Katz*, No. 90 Civ. 4913(JFK) (THK), 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994) (where subpoenas were addressed to a party's banks, the party had a sufficient privacy interest in the confidentiality of records pertaining to its personal financial affairs so as to give it standing to challenge the subpoenas). For example, when a subpoena seeks proprietary information found in bank records which is not publicly available, and a party has a clear privacy interest in maintaining the confidentiality of the information due to "the personal and sensitive nature" of the bank records, a party has standing to challenge a bank's subpoena. *Solow v. Conseco, Inc.*, 06 CIV. 5988 BSJTHK, 06 Civ. 5988, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008). Here, Nova is a customer of Simsbury and clearly

has a privacy interest in maintaining the confidentiality of its own bank records. Nova necessarily has standing to challenge the Subpoena.

### B. The Subpoenas Improperly Request Confidential and Private Information

Not only does Nova have standing to quash the Subpoena, but the relevance or probative value of the financial documents being sought is greatly outweighed by the privacy interests asserted by Nova. Courts have ordered disclosure of such confidential information only upon satisfaction of a two-prong test: (1) relevance to the subject matter of the action; and (2) existence of a compelling need because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008). Indeed, "[w]here confidential documents . . . are sought from a non-party, the request is given careful scrutiny." *U.S. v. Monumental Life Ins. Co.*, 440 F.3d 729, 735 (6th Cir. 2006).

Plaintiffs cannot satisfy the two-prong test established under *Sadofsky* because there is no compelling need to force a non-party to produce any documentation that could have more readily been obtained from a less intrusive source: the actual parties. Universitas might have the opportunity to take post-judgment discovery if the Motion for Reconsideration or Motion to Dismiss is denied by the Southern District. However, the fact remains that those motions are pending. If applicable, Universitas should first seek financial documents directly from Nova (affording Nova, of course, all available protection under the law) before burdening innocent third-parties.[2]

---

[2] In fact, on June 28, 2012, Universitas served Requests for Documents on Nova, six days after the Subpoena was issued. These Requests also seek "S. copies of all tax filings – state, federal or otherwise, with all schedules and attachments – for Nova Group and/or the Charter Oak Trust for the period January 1, 2006 to the present." As is obvious, these Requests for Documents should work to *entirely nullify* the Subpoena. (*See* Requests for Documents, attached hereto as *Exhibit B*).

9613844.1

## CONCLUSION

For the foregoing reasons, the Subpoena should be quashed in its entirety.

Dated: Stamford, CT
July 5, 2012

       NOVA GROUP, INC.

       By: */s/Joseph M. Pastore III*
          Joseph M. Pastore III (ct11431)
          SMITH, GAMBRELL & RUSSELL LLP
          One Stamford Plaza
          263 Tresser Blvd., 9th Floor
          Stamford, CT 06901
          Telephone: (203) 564-1485
          Facsimile: (203) 564-1404
          jpastore@sgrlaw.com

          *****************************************

          250 Park Avenue, Suite 1900
          New York, NY 10177
          Telephone: (212) 907-9700
          Facsimile: (212) 907-9830

          *Its Attorneys*

9613844.1