```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNIVERSITAS EDUCATION, LLC,         :

                Petitioner,         :

     -against-                      :    11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,                   :

                Respondent.         :

-----------------------------------X

NOVA GROUP, INC.,                   :

                Petitioner,         :    11 Civ. 8726 (LTS)(HBP)

     -against-                      :    REPORT AND
                                         RECOMMENDATION
UNIVERSITAS EDUCATION, LLC,         :

                Respondent.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE LAURA T. SWAIN, United States District Judge,

I. Introduction

I write to address the sanctions to be imposed on Nova Group, Inc. ("Nova") for its violations of Fed.R.Civ.P. 11(b)(1) and 11(b)(3). In a Report and Recommendation dated May 21, 2013 (Docket Item ("D.I.") 252 in 11 Civ. 1590, D.I. 166 in 11 Civ.

8726 ("May 21, 2013 Decision")), I recommended, among other things, that Nova be sanctioned by being ordered to deposit the amount of an unsatisfied judgment against it -- $30,181,880.30 -- with the Clerk of the Court.  The Honorable Laura Taylor Swain, United States District Judge, adopted my Report and Recommendation in a Memorandum and Order dated September 30, 2013 (D.I. 295 in 11 Civ. 1590, D.I. 201 in 11 Civ. 8726 ("Sept. 30, 2013 Mem. & Order")) (collectively with the May 21, 2013 Decision, "the Prior Sanctions Decisions").  The Court of Appeals for the Second Circuit vacated that portion of the sanction directing Nova to deposit the amount of the judgment against it with the Clerk of the Court and remanded the matter for further proceedings.  See Universitas Education LLC v. Nova Group, Inc., 784 F.3d 99 (2d Cir. 2015).  Judge Swain referred the remanded motion for sanctions to me to issue a Report and Recommendation (D.I. 552 in 11 Civ. 1590, D.I. 353 in 11 Civ. 8726).  For the reasons set forth below, I respectfully recommend imposing a $25,000 monetary sanction on Nova, payable to the Clerk of the Court.

II. Factual and
    Procedural Background

A detailed discussion of the history of this sanctions motion is set forth in the Prior Sanctions Decisions, familiarity

2

with which is assumed.  I summarize here only the facts relevant to the remanded portion of the motion.

Judgment against Nova was entered in the amount of $30,181,880.30 on June 7, 2012 (D.I. 41 in 11 Civ. 1590, D.I. 34 in 11 Civ. 8726).  Almost one year later, Nova had still failed to pay the judgment, had not posted a supersedeas bond, had resisted all of petitioner Universitas Education LLC's efforts to enforce the judgment and had failed to disclose the location of the insurance policy proceeds that were the subject of the judgment (May 21, 2013 Decision, at 5).  Throughout the post-judgment proceedings, Nova's actions appeared to be "primarily aimed at avoiding or otherwise delaying Universitas' enforcement of the judgment" (May 21, 2013 Decision, at 5).  Nova pursued this goal by filing multiple post-judgment motions (May 21, 2013 Decision, at 5-6).

Nova unnecessarily delayed the litigation in violation of Rule 11(b)(1) by filing a frivolous post-judgment motion to dismiss for lack of subject matter jurisdiction despite the fact that Nova had removed this action to federal court (Sept. 30 Mem. & Order, at 3-7; May 21, 2013 Decision, at 5, 15-18).  Nova's "reversal" on the jurisdictional issue was "inconsistent, at best, or abusive, at worst" (May 21, 2013 Decision, at 15).  The frivolousness of the legal arguments, the "suspect timing" of the

3

motion, and the inconsistent legal positions Nova took during the course of the litigation led to the inference that the motion was motivated by strategic delay (May 21, 2013 Decision, at 15-17). Further, Nova filed the motion after Judge Swain expressly informed Nova and its counsel of the potential for sanctions, which "raise[d] serious questions about the good faith nature of their motives" (May 21, 2013 Decision, at 18).

Nova, through its counsel, also violated Rule 11(b)(3) by attempting to create the appearance that an entity named Charter Oak Trust was a party to this action and thereby "create a false factual basis" for Nova's baseless challenge to diversity jurisdiction (May 21, 2013 Decision, at 24-26; see also Sept. 30, 2013 Mem. & Order, at 6-7).  Contrary to Nova's prior practice, Nova's counsel claimed that both his notice of appearance and the post-judgment motion to dismiss were submitted on behalf of Charter Oak Trust (Sept. 30, 2013 Mem. & Order, at 7; May 21, 2013 Decision, at 24).  In an appeal from the denial of Nova's motion to dismiss, Nova's counsel also added Charter Oak Trust to the caption on the papers he submitted to the Court of Appeals (May 21, 2013 Decision, at 26).  Nova's counsel's conduct was "plainly fraudulent and [ran] afoul of Rule 11's requirement that 'factual contentions have evidentiary support'" (May 21, 2013 Decision, at 24-25, quoting Fed.R.Civ.P. 11(b)(3)).  Further, the

4

misrepresentations were "strongly probative of [Nova's counsel's] bad faith [and] establish[ed] that his conduct was not an inadvertent mistake . . . ." (May 21, 2013 Decision, at 26).[1]

The Prior Sanctions Decisions ordered that: (1) Nova pay the reasonable attorney's fees and costs that Universitas incurred in litigating the motion for sanctions, (2) Nova be prohibited from filing any further motions in these cases without prior permission from the Court and (3) Nova be ordered to deposit the judgment amount, $30,181,880.30, with the Clerk of the Court (Sept. 30, 2013 Mem. & Order, at 9-10).

Nova's appeal to the Second Circuit did not contest the finding that it violated Rule 11(b)(1) and 11(b)(2) and sought reversal only of the monetary sanction of $30,181,880.30. See Universitas Education LLC v. Nova Group, Inc., supra, 784 F.3d at 104.[2]  The Second Circuit vacated that monetary sanction, finding

---

[1] The Prior Sanctions Decisions also held that Nova violated Rule 11(b)(2) by filing the frivolous motion to dismiss (May 21, 2013 Decision, at 18-24).  Because Rule 11(c)(5)(A) prohibits the imposition of monetary sanctions against a represented party for violations of Rule 11(b)(2), this misconduct is not relevant to the decision of what sanctions to impose on Nova.

[2] The Second Circuit's decision is silent as to whether Nova challenged the finding that it or its counsel violated Rule 11(b)(3) and the Court of Appeals does not specifically address that issue.  As discussed below, the Court of Appeals agreed that Nova should be sanctioned and to the extent the Court of Appeals did not address the particular grounds on which Nova violated Rule 11, the findings in the Prior Sanctions Decisions remain the
(continued...)

that "a district court abuses its discretion in imposing sanctions when the sanctions are used for enforcing or collecting damages."  Universitas Education LLC v. Nova Group, Inc., supra, 784 F.3d at 103.  The Court of Appeals agreed that a sanction was warranted, and stated that

> [t]o be clear:  there is no disagreement that a sanction aimed at deterring Nova's persistent and abusive litigation conduct is appropriate and necessary.  On remand the district court is free to craft a sanction that comports with both Rule 11 and this opinion.

Universitas Education LLC v. Nova Group, Inc., supra, 784 F.3d at 104.

III.  Analysis

    A.  Legal Standards Governing
         Sanctions Determination

"Sanctions serve three purposes: (1) to prevent a party from benefitting from its own improper conduct, (2) to provide specific deterrents, and (3) to provide general deterrence." Kensington Intern. Ltd. v. Republic of Congo, 03 Civ. 4578 (LAP), 2007 WL 2456993 at *10 (S.D.N.Y. Aug. 24, 2007) (Preska, D.J.), aff'd sub. nom. Cleary Gottlieb Steen & Hamilton LLP v.

---

²(...continued)
law of the case.  See Am. Hotel Intern. Group, Inc. v. OneBeacon Ins. Co., 374 F. App'x 71, 74 (2d Cir. 2010) (summary order) ("the findings of a district court not expressly or implicitly addressed on appeal remain the law of the case").

Kensington Intern. Ltd., 284 F. App'x 826 (2d Cir. 2008) (summary order); see also On Time Aviation Inc. v. Bombardier Capital, Inc., 354 F. App'x 448, 452 (2d Cir. 2009) (summary order) ("The purpose of a Rule 11 award 'is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses.'") (citation omitted); Margo v. Weiss, 213 F.3d 55, 64 (2d Cir. 2000) ("Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is sufficient to deter repetition of such conduct.") (internal quotation marks and citation omitted); Fed.R.Civ.P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

There is no bright-line limit to the sanctions that can be imposed.  The following factors are relevant to the determination of the appropriate sanction:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants . . . .

Fed.R.Civ.P. 11 Advisory Committee Notes (1993 amendments); accord Bonded Life Fund, LLC v. AXA Equit. Life Ins. Co., 13 Civ. 5451 (KBF), 2014 WL 1329234 at *2 (S.D.N.Y. Apr. 1, 2014) (Forrest, D.J.); Colliton v. Cravath, Swaine & Moore LLP, 08 Civ. 0400 (NRB), 2008 WL 4386764 at *12 (S.D.N.Y. Sept. 24, 2008) (Buchwald, D.J.), aff'd, 356 F. App'x 535 (2d Cir. 2009) (summary order).

"'Since the purpose of Rule 11 sanction is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into the court as a penalty.'" Universitas Education LLC v. Nova Group, Inc., supra, 784 F.3d at 103, quoting Fed.R.Civ.P. 11 Advisory Committee Notes (1993 amendments); see, e.g., Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., 589 F. Supp. 2d 331, 341-45 (S.D.N.Y. 2008) (McMahon, D.J.) (imposing sanctions of $10,000 on a party and $10,000 on its law firm for litigation and discovery abuses including making affirmative representations on key issue of a deceased individual's domicile at death without disclosing prior contrary positions taken by deceased's estate); cf. Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 422-23 (S.D.N.Y. 2010) (Leisure, D.J.) (pursuant to court's inherent authority, imposing monetary fine of $10,000 payable to Clerk of the Court for spoliation of relevant communications).

B.  Deterrence and Nature of
    Sanctions to be Imposed

A review of the factors identified in the Rule 11 Advisory Committee Notes demonstrates that a substantial monetary sanction should be imposed on Nova to deter future violations of Rule 11 by Nova and other litigants.

Whether the conduct was willful or negligent. The evidence establishes that the conduct was willful.  Nova was represented by counsel who made a post-judgment motion to dismiss for lack of subject matter jurisdiction notwithstanding the lack of any legal basis for the motion.  Further, Nova's counsel falsely represented that Charter Oak Trust was a party to this action in documents he submitted to this Court and the Court of Appeals.

Whether the conduct was part of a pattern of activity, or an isolated event.  Nova's sanctionable conduct was part of a pattern of activity in the post-judgment proceedings that was aimed at frustrating Universitas' efforts to enforce the judgment.  In addition to the frivolous motion to dismiss, Nova filed baseless motions for reconsideration of Judge Swain's order confirming the arbitration award to Universitas and to stay all post-judgment collection activity; both of these motions were denied (May 21, 2013 Decision, at 5).  Nova also engaged in

9

"dilatory conduct during the course of post-judgment discovery" in order to delay or hinder Universitas' discovery and enforcement efforts (May 21, 2013 Decision, at 17 n.5).  Thus, Nova's efforts to frustrate Universitas' enforcement of the judgment were part of a pattern.

<u>Whether the misconduct infected the entire pleading or only one particular count or defense</u>.  Nova's misconduct infected the entirety of the motion because both of Nova's bases for challenging subject matter jurisdiction stood no chance of success.  First, Nova argued that there was no diversity jurisdiction because the citizenship of Charter Oak Trust should have been taken into account as a "real and substantial party to the controversy" (May 21, 2013 Decision, at 7, <u>citing</u> Docket Item 153).  This argument was "not sustainable under applicable law and was plainly frivolous" (May 21, 2013 Decision, at 20).  Second, Nova advanced two arguments in its challenge to federal question jurisdiction that were "objectively unreasonable and stood no chance of success" (May 21, 2013 Decision, at 22).  Judge Swain found that the motion was "wholly without merit" and summarily denied it (Docket Item 161; <u>see also</u> May 21, 2013 Decision, at 19-24).  Thus, the sanctionable conduct infected the entirety of Nova's motion to dismiss.

<u>Whether the actor has engaged in similar conduct in other litigation</u>.  There is no evidence before me on this factor and it is, therefore, neutral.

<u>Whether the conduct was intended to injure</u>.  The persistence and baselessness of Nova's abusive tactics suggest that Nova intended to injure Universitas' rights to collect the judgment.  As discussed above, Nova pursued this goal through various means, including by filing multiple post-judgment motions and by resisting Universitas' efforts to obtain post-judgment discovery (May 21, 2013 Decision, at 5, 17 n.5).  Thus, Nova's conduct was intended to injure because the "sanctionable conduct at issue here [was] symptomatic of Nova Group's stubborn and baseless efforts to impede Universitas' collection of the judgment" (May 21, 2013 Decision, at 28-29).

<u>The effect of the conduct on the litigation process in time or expense</u>.  Nova's frivolous motion has, no doubt, increased Universitas' legal fees, delayed Universitas' collection of the judgment and wasted scarce judicial resources.  Nova's motion to dismiss caused Judge Swain to waste time addressing a motion that never should have been made.

<u>Whether the responsible person is trained in the law</u>.  Nova was represented by counsel trained in the law and who recognized at one point that Nova's shift on subject matter

11

jurisdiction "may be relevant to sanctions" (Transcript, dated Sept. 19, 2012, D.I. 166 in 11 Civ. 1590 and D.I. 108 in 11 Civ. 8726, at 7:6-7).

What amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case and to deter similar conduct by other litigants. I conclude that a substantial sanction of $25,000 is necessary to impress upon Nova and others that the judicial system is not to be used as a vehicle for the delay and obstruction of a party's right to collect a court-ordered judgment. The sanctions currently in place, which require Nova to pay Universitas' attorneys' fees for litigating the sanctions motion and for Nova to seek advance court permission to file motions, are not adequate on their own to deter future efforts to impede collection of the judgment (May 21, 2013 Decision, at 28). The additional monetary sanction will deter Nova and others because it will demonstrate that any further abusive misconduct will have serious consequences.

There is no evidence before me to indicate that Nova does not have the resources to pay a sanction in this range. In her September 30, 2013 Order, Judge Swain found that Nova failed to demonstrate its inability to pay a multi-million dollar sanction (Sept. 30, 2013 Mem. & Order, at 9). The sanction I

12

recommend imposing on Nova now is significantly less than the multi-million dollar judgment.  Nova has not submitted any evidence regarding its inability to pay a sanction in the amount I recommend, and, therefore, Nova's ability to pay is at best neutral on the current record.

Summary.  As discussed herein, Nova's misconduct was willful, persistent and succeeded in delaying Universitas' ability to collect its judgment.  Therefore, I submit that $25,000 is the most appropriate monetary sanction to prevent Nova from benefitting from its litigation misconduct and to deter Nova and others from further violations of Fed.R.Civ.P. 11(b)(1) and 11(b)(3).

III.  Conclusion

I respectfully recommend that a sanction of $25,000 be imposed on Nova, payable to the Clerk of the Court.

IV.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court,

with courtesy copies delivered to the Chambers of the Honorable Laura T. Swain, United States District Judge, 500 Pearl Street, Room 1320, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:  New York, New York
        March 31, 2016

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

14