# EXHIBIT A

# BRIEF CARMEN & KLEIMAN, LLP
### ATTORNEYS AT LAW
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

MATTHEW J. BRIEF
RICHARD E. CARMEN
IRA KLEIMAN*

www.briefjustice.com
* ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

TELEPHONE
(212) 758-6160
(212) 832-5570

FACSIMILE
(212) 832-1747
(212) 832-7221

October 4, 2013

The Honorable Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:     **Universitas Education, LLC v. Nova Group, Inc.**
**(S.D.N.Y. 11-CV-1590-LTS-HBP)**

Dear Judge Swain:

We write as counsel for Nova Group, Inc. ("Nova"), in regard to that part of the Court's Order, dated September 30, 2013, (Docket Number 295) which ordered Nova to deposit the judgment amount of $30,181,880.30 with the Clerk of the Court by October 4, 2013.

Mindful of the financial magnitude of the Order of the Court, we consulted with counsel for Grist Mill Capital, Avon Capital, Grist Mill Trust and for Daniel Carpenter, as well as Daniel Carpenter himself, in an effort to obtain compliance. However, we have been advised by Mr. Carpenter that neither the Charter Oak Trust, nor Charter Oak Trust 2009, nor Nova possess the funds or assets to comply with the Court's Order. We have been further advised by Mr. Carpenter that recoupment of monies from the entities to which the proceeds of the Sash Spencer Insurance policies were transferred in 2009 (well before the entry of judgment in this matter), cannot be had, because: a) those entities themselves no longer have the funds transferred in 2009; or b) the monies transferred were paid in satisfaction of pre-existing debts, and Mr. Carpenter is not in control of at least one of those entities.

Specifically, the Court's Order to Nova to deposit the judgment amount is directed to an entity that, since at least 2010, has been dormant. A successor entity of the same name incorporated in Connecticut, has also been dormant since 2010. Mr. Carpenter advises that there are presently no active bank accounts in the name of either of the Nova Group entities.

The Court's order refers generally to "transferee entities". As has been disclosed in both documents and in the testimony of the agent for Grist Mill Capital, LLC, ("GMC") GMC received cash and assets from Nova and the Charter Oak Trust as valid debt repayments. In turn, GMC used the cash and assets it received to satisfy its valid liabilities and obligations to actual

BRIEF CARMEN & KLEIMAN, LLP
ATTORNEYS AT LAW

October 4, 2013
Page 2

creditors. Such cash and assets are no longer under the control of the judgment debtor or of the transferee entities. None of the transferee entities is a judgment debtor.

The proceeds of the Sash Spencer insurance policies were transferred from Nova to Grist Mill Capital, LLC, in May and in October, 2009. That money is no longer in the Grist Mill Capital LLC Account. As of September 30, 2013, the amount of money in the Grist Mill Capital Bank Account was $10.00 (copy of bank statement dated September 30, 2013 is annexed hereto as Exhibit A).

From the Grist Mill Capital account, the monies were transferred (in 2009) at various times to a number of entities including Grist Mill Holdings, Avon Capital, Carpenter Financial Group, Phoenix Capital, and the Grist Mill Trust.

Except for the Grist Mill Trust (which will be discussed separately), none of the foregoing entities possess any meaningful sums in their bank accounts. The short time provided by the Court for compliance with the Order and the page limits imposed by the Court's Rules preclude us from attaching copies of bank statements to reflect these facts at this time, Mr. Carpenter is prepared to provide the Court and counsel for Universitas with disclosure of financial information necessary to demonstrate that none of these entities possesses the monies or assets to comply with the Court's order.[1]

In regard to the insurance policies previously owned by Nova, as previously described to the Court, all insurance policies which were at one time owned by the original Charter Oak Trust or Charter Oak Trust 2009, (no policies were owned by Nova Group, Inc.) were assigned pursuant to Collateral Assignment Agreements to Grist Mill Capital, LLC and/or Ridgewood Financial II, LLC. Any policies which were covered by such an agreement with Ridgewood were resolved when Ridgewood accepted the transfer of ownership of certain of the policies to Ridgewood, in satisfaction of the debt Charter Oak, Nova Group, Inc. or Grist Mill Capital, LLC owed to them. All other policies had been or were assigned to Grist Mill Capital, LLC, which was owed in excess of $60,000,000.00 as a result of policy financing arrangements extant at the time the Sash Spencer proceeds were paid in 2009.

At the present time, the remaining policies still owned by the Charter Oak Trust are the subject of litigation and cannot be transferred. To Mr. Carpenter's knowledge, all other policies have either been terminated or lapsed. In one instance, our client understands that a policy was transferred after the acquiring entity actually made a payment to Universitas.

---

[1]   No current counsel ever has been paid by Nova or the Charter Oak Trust, and no counsel has been paid by any of what at this time we understand to be transferee entities since the end of 2012.

BRIEF CARMEN & KLEIMAN, LLP
ATTORNEYS AT LAW

October 4, 2013
Page 3


One of the transferee entities is the Grist Mill Trust. Grist Mill Trust is a multiple employer trust providing death benefits for covered employees of employers who adopt into the plan. It currently serves 343 employers and 632 participants. Funds are paid to the Trust by employers and the Trust in turn pays various life insurance companies premiums due for the various policies insuring the lives of the covered employees. When a participant dies, the life insurance company pays the death benefit to the Trust, which in turn secures the appropriate documentation and pays the benefit to the beneficiary(ies). In this regard, from time to time, there may be significant dollars in the Trust's bank accounts, but such funds are (a) held in trust for the beneficiary(ies); (b) premiums to be paid to maintain the life insurance policies; and (c) cash due to forfeitures and buyouts as well as fees and costs payable to the administrator and sponsor for their work. As to the latter, as of this date, the Trust has less than $50,000 belonging to it.

On September 18, 2013, and again on September 24, 2013, the Trust provided documentation of the foregoing financial details to counsel for Universitas in response to their request for same. Beyond this, as to counsel's inquiry as to the reasons for payments made to the Trust in 2009, the Trust provided counsel for Universitas with documents which show the propriety of various documented loans having been repaid. We are advised by Mr. Carpenter and counsel for the Grist Mill Trust, that Mr. Carpenter is not a principal of the Grist Mill Trust, was never its trustee, and has no control over its cash assets.

Thus, Nova and the Charter Oak Trust find that they are not capable of complying with the order of the Court at this time. Thus, we ask that the Court allow us additional time to provide the Court and counsel for Universitas with such documentation and/or testimony, as well as to continue to attempt to locate whatever assets, if any, that may be placed with the Court pursuant to its' Order. Counsel for Universitas, with whom I have consulted by e-mail by telephone, has declined to consent to this request.

Thank you for your attention to this matter.


Respectfully submitted,

Ira Kleiman


cc: All counsel (via e-mail)

BRIEF CARMEN & KLEIMAN, LLP
ATTORNEYS AT LAW

October 4, 2013
Page 4

Reviewed and
Agreed Upon:

Anthony J. Siano, Esq.
Attorney for Daniel Carpenter

Carole Bernstein, Esq.
Attorney for Grist Mill Capital LLC
and Avon Capital LLC

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
Attorney for Grist Mill Trust