# EXHIBIT K

AMERICAN ARBITRATION ASSOCIATION

ANDREW I. PHILIPSBORN,           )
as Trustee of the THOMAS D.      )
PHILIPSBORN IRREVOCABLE          )
INSURANCE TRUST dated July 10, 2005  )
                                 )
            CLAIMANT,            )
                                 )   Case No. 13 195 Y 02146 08
     v.                          )
                                 )
AVON CAPITAL, LLC                )
                                 )
            RESPONDENT.          )

## COMPLAINT

NOW COMES Claimant, Andrew I. Philipsborn, as Trustee of the Thomas D. Philipsborn Irrevocable Insurance Trust, dated July 10, 2005, by his attorneys, Leon Zelechowski, Ltd., and states for his Complaint against Respondent, Avon Capital, LLC ("Avon"), as follows:

1. Claimant is resident of Cook County, Illinois. At all times material hereto, Claimant was the Trustee of the Thomas D. Philipsborn Irrevocable Insurance Trust dated July 10, 2005, a trust created under Illinois law ("Trust").

2. Respondent is a Delaware limited liability company and has its principal place of business in Wilmington, Delaware and is in the business of buying and selling life insurance settlements.

3. At all times mentioned hereto, the Claimant was the owner of three substantial life insurance policies insuring the life of Thomas D. Philipsborn ("Policies"). Those Policies were as follows:

1

DEF 05600

| Carrier | Policy Number |
|---|---|
| American General Life | UM0039710L |
| AXA Equitable Life | 155224072 |
| Transamerica | 60129777 |

5. At the times mentioned below in paragraphs 7, 8 and 9 below, the Policies were pledged by the Trustee as collateral for loans obtained by the Trustee from LaSalle Bank National Association ("Lender") and secured by a pledge of the Policies.

6. Each of the loans had a maturity date by which the Trustee had to repay the then unpaid loan balance. If the Trustee did not repay the loans by their respective dates, the Lender had the right to foreclose on the collateral, i.e., the life insurance policy, and sell the policy.

7. On or about September 5, 2007, Respondent Avon submitted an Offer Letter to the Trustee to purchase the three Policies for the "total acquisition price" of $4,550,000.00. A copy of the Offer Letter is attached hereto as Exhibit "A".

8. The Offer Letter contemplated that Avon, as purchaser of the Policies would satisfy the loans due to the Lender with respect to the three Policies and would pay to the Trustee the so-called "Net Spread", the difference between the offer price of $4,550,000.00 less the loan balance due on each of the Policies.

9. On or about September 2007, the Trustee accepted the offer submitted by Avon and agreed to sell the Policies to Avon. Thereafter, Avon submitted to the Trustee for its signature Avon's form of a Life Policy Purchase Agreement for purchase of each of the Policies. A sample of one of those Agreements is attached hereto as Exhibit "B".

10. On or about September 25, 2007 the Trustee signed a Life Policy Purchase Agreement for each of the Policies and delivered them to Avon. Thereafter, pursuant to the Offer

2

DEF 05601

Letter, Avon either paid or caused the Trustee to be paid, either directly or indirectly through its business partners or associates including Financial Life Services, LLC, the sum of $686,649.83.

11.  Avon breached the terms of the agreements between the parties by refusing to pay the sum of $818,513.17, which is due and payable to Trustee.

12.  Avon also breached the terms of the agreements between the parties by failing to satisfy the loan balance that became due and payable to the Lender on the maturity date of the Policy issued by Transamerica.

13.  As a result of Avon's failure to satisfy the foregoing loan balance, the Lender foreclosed upon and liquidated the life insurance policy issued by Transamerica. The Trustee has been informed that the above-described foreclosure and liquidation resulted in a deficiency balance of $147,562.81, as of January 16, 2008. The Lender is demanding that the Trustee pay that amount, together with interest that is accruing on that amount.

14.  Despite repeated requests, Respondent has failed to pay the sums due to the Trustee and has failed to pay the amounts due and payable to the Lender.

15.  Claimant has complied with all of his obligations under the agreements between the parties.

16.  Pursuant to Section I of the Life Policy Purchase Agreement, Claimant is entitled to recover from Respondent its attorneys fees and costs and arbitration costs.

17.  Pursuant to Section 2 of the Illinois Interest Act, 815 ILCS 205/2, Respondent is liable for pre-judgment interest on the sums claimed herein at the rate of 5% per annum.

WHEREFORE, Claimant, Andrew I. Philipsborn, as Trustee of the Thomas D. Philipsborn Irrevocable Insurance Trust, dated July 10, 2005, prays that award be entered in his favor and

DEF 05602

against Respondent, Avon Capital, LLC, in the sum of $ 818,513.17, and that the award include a finding that the Respondent be responsible for payment of the sum of $142,562.81 or such other amount that may be due to LaSalle Bank National Association, plus such other damages as may be established at the hearing of this action, plus its attorneys fees and costs, plus interest and arbitration costs.

ANDREW I. PHILIPSBORN, AS TRUSTEE OF
THE THOMAS D. PHILIPSBORN IRREVOCABLE
INSURANCE TRUST, DATED JULY 10, 2005

By: _____
Leon Zelechowski, Esq.
LEON ZELECHOWSKI, LTD.
111 W. Washington Street
Suite 1051
Chicago, Illinois 60602
(312) 609-0022

DEF 05603