UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

    Judgment Creditor,    :

  -against-    :  Case Nos. 11 CV 1590-LTS-HBP and
                11-8726-LTS
NOVA GROUP, INC., as trustee, sponsor and :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,    :

    Judgment Debtor.
-------------------------------------------------------------------X

# UNIVERSITAS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION, PURSUANT TO CPLR 5240, TO EXTEND THE DURATION OF THE RESTRAINING NOTICES ISSUED TO THIRD-PARTY GARNISHEES

LOEB & LOEB LLP
Paula K. Colbath (PC-9895)
Leily Lashkari (LL-2164)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Judgment Creditor
Universitas Education, LLC*

Judgment Creditor Universitas Education, LLC ("Universitas") respectfully submits this Memorandum of Law in support of its motion, pursuant to CPLR 5240, brought by order to show cause to extend the expiration date of certain restraining notices that have been issued.

## **BACKGROUND**

The Court is fully familiar with the pertinent facts of this case. Universitas has previously set forth in detail convicted fraudster Daniel Carpenter's criminal enterprise. *See* discussion in Universitas' prior memoranda of law in support of its applications to the Court for extension of the restraining notices for a full recitation of the facts, Dkt. 564 at 1-3 and Dkt. 582 at 1-7.

In August 2014, the Honorable Laura Taylor Swain awarded Universitas several Judgments against Carpenter and several of his related entities, Dkt. 565-2,[1] in connection with the misappropriation of more than $30 million in trust funds intended for Universitas, which Judgments Universitas has not been able to satisfy to date. Dkt. 565-2.

In an effort to secure payment of the Judgments, Universitas served restraining notices on various third-party garnishees, that had not expired at the time of the Court's prior Order of January 5, 2017 in which the Court extended the expiration of certain restraining notices through November 30, 2019). (*See* Docket No. 624). As such, the restraining notices identified herein were not part of Universitas' prior applications to extend their expiration. As discussed below, an extension of the effectiveness of the restraining notices that Universitas served on each of these

---

[1] In June 2012, the Court entered Judgment against defendant Nova Group, Inc. in the amount of $30,181,880.30, and was, thereafter awarded additional amounts for attorneys' fees and costs, totaling over $31 million against Nova. See Dkt. 162 and 488. Subsequently, on August 12, 2014, Universitas was awarded a $30.6 million judgment against Carpenter personally, and further judgments against the following Carpenter-related companies and trusts: (a) Grist Mill Trust Welfare Benefit Plan ("Grist Mill Trust") and any trustees and plan sponsors thereof insofar as they hold Grist Mill Trust assets, for $4,487,007.81; (b) Grist Mill Capital, LLC for $30,600,000.00; (c) Grist Mill Holdings, LLC for $21,000,000.00; (d) Carpenter Financial Group for $11,140,000.00; (e) Avon Capital, LLC for $6,710,065.92; (f) Phoenix Capital Management, LLC for $5,000,000.00; and (g) Hanover Trust Company for $1,200,000.00 (collectively, with Carpenter and Nova Group, the "Judgment Debtors").

third-party garnishees is warranted under CPLR 5240.[2]

## ARGUMENT

### A. The Legal Standard

Federal Rule of Civil Procedure 69(a) provides that a district court should apply the procedural law of the state in which it sits in enforcing its judgment. *See, e.g., Pressman v. Neubardt*, No. 02 Civ. 8404, 2002 U.S. Dist. LEXIS 23728, at *7-8 (S.D.N.Y. Dec. 10, 2002). Under CPLR 5222(b), a restraining notice served on a third-party garnishee expires "one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs." CPLR 5222(b). Under CPLR 5240, the Court may "at any time, on its own initiative or the motion of any interested person," issue an order "denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." CPLR 5240. *See, e.g., Peterson v. Islamic Republic of Iran*, No. 13-cv-9195 (KBF), 2015 U.S. Dist. LEXIS 20640, at *5-6 n.3 (S.D.N.Y. Feb. 19, 2015) ("Plaintiffs served Clearstream with a restraining notice in June 2008; that restraining notice was extended in July 2009 and remains in effect."); *see also New Angle Pet Prods., Inc. v. Absolutely New, Inc.*, No. 10-CV-2700 (SJF)(ARL), 2013 U.S. Dist. LEXIS 12638 (E.D.N.Y. Jan. 29, 2013) (extending the restraining notice pending the determination of another related proceeding, stating that "defendant's alleged likelihood of success on the issue does not outweigh the potential prejudice to plaintiffs that would result if the restraining notice were to expire while the turnover proceeding is still pending."); *Briarpatch Ltd., L.P. v Briarpatch Film Corp.*, 89 A.D.3d 425, 426, 932 N.Y.S.2d 451, 451 (1st Dep't 2011) ("a restraining notice may be extended by motion pursuant to CPLR 5240"); *Kitson & Kitson v. City of Yonkers*, 10 A.D.3d 21, 25, 778 N.Y.S.2d 503, 507 (2d Dep't 2004) ("A restraining notice may also be extended upon motion pursuant to CPLR 5240, which

---

[2] Copy of the restraining notices to these garnishees is attached as **Exh. A to Paula Colbath's supporting declaration herein ("Colbath Decl.")**.

authorizes a court to 'at any time' extend or modify the use of any enforcement procedure.").

As will be discussed below, the Judgment Debtors have various interests in assets held by each of the entities that were served with a restraining notice by Universitas, for which Universitas seeks an extension of the expiration date until the Judgments are satisfied.

### B.  An Extension of the Duration of the Restraining Notices Is Warranted

Universitas believes the Judgment Debtors own or have an interest, by way of collateral assignment or otherwise, in the property held by the recipients of the subject restraining notices. As such, extension of the expiration date of the restraining notices is warranted.

### C.  A Temporary Restraining Order Is Necessary to Preserve the Status Quo

"The party requesting a preliminary injunction or temporary restraining order must establish: (1) likelihood of success on the merits; (2) irreparable injury in the absence of preliminary relief; (3) the balance of equities tips in the applicant's favor; and (4) that an injunction is in the public interest." *City Carting, Inc. v. New York City Bus. Integrity Comm'n*, No. 14 Civ. 8582 (PAC), 2014 U.S. Dist. LEXIS 165634, at *5 (S.D.N.Y. Nov. 13, 2014).

Universitas can establish an imminent need for a temporary restraining order. As this Court has recognized, the Judgment Debtors have engaged in extensive dilatory conduct, gamesmanship and legal maneuvering with the sole goal of frustrating Universitas' attempts at collecting its Judgments. See *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 104 (2d Cir. 2015) (the Second Circuit noting Nova's "persistent and abusive litigation" misconduct). Universitas is not seeking a preliminary injunction; Universitas merely seeks a temporary restraining order to preserve the status quo until the Court decides whether the restraining orders served by Universitas should be extended.

### Conclusion

For the foregoing reasons, Universitas requests that the Court extend the restraining notices that were served on the third-party garnishees discussed herein and grant a temporary

3

restraining order in the interim enjoining the third-party garnishees from releasing funds, property, or otherwise making any sale, assignment, transfer or interference with any property in which the Judgment Debtors may have an interest.

Dated: New York, New York
      October 13, 2017

Respectfully submitted,

_____
Paula K. Colbath (PC-9895)
Leily Lashkari (LL-2164)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Judgment Creditor*
*Universitas Education, LLC*

14783354

4