# Law Offices of Joseph L. Manson III

Joseph L. Manson III, Esq.
600 Cameron St.

Alexandria, Va. 22314

April 21, 2023

VIA EMAIL AND ECF: SwainNYSDCorresp@nysd.uscourts.gov

The Hon. Laura Taylor Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street,
New York, NY 10007-1312

Re: *Universitas Education, LLC v. Nova Group, Inc. et al.*, No. 11-cv-1590-LTS  Status Letter

Dear Judge Swain:

      We write in regard to the above-referenced matter, with respect to the pending motion for sanctions against Mintz & Gold LLP and Roger Stavis in connection to their representation of Grist Mill Capital, LLC (Doc. No. 707). Pursuant to this Court's Order dated January 20, 2022, (Doc. No. 735), we are providing a written update to the Court regarding the disposition of Grist Mill Capital, LLC's ("Grist Mill") appeal of this Court's order dated September 28, 2021, (Doc. No. 725). Specifically, this Court directed Universitas Education, LLC ("Universitas") to "file a status letter, within fifteen days of the Second Circuit's mandate resolving Grist Mill's pending appeal, advising this Court as to what bearing, if any, the Second Circuit's resolution of that appeal has on Universitas's pending motion for sanctions." (Doc. No. 735 at 2.) The Second Circuit issued its mandate on April 13, 2023, which was submitted this Court on April 14, 2023 (Doc. No. 736.)

      The Second Circuit summarily rejected all the arguments made by Grist Mill on appeal (as well as those made by Daniel Carpenter) and found that all of the arguments advanced were either "meritless" or outright "frivolous." *Universitas Educ., LLC v. Grist Mill Capital, LLC*, No. 21-

1

2690, 2023 U.S App. LEXIS 4257, at *7 n.3 (2d Cir. Feb. 23, 2023) (a copy of the Second Circuit's decision is attached hereto). The Second Circuit found that Grist Mill "failed to satisfy any of the requirements for a Rule 60(b) motion." *Id.* at *5. Grist Mill explicitly argued that it did not have an opportunity to appeal in their Motion to Vacate. (Doc. No. 697.) The Second Circuit found that there existed no "cogent explanation" in Grist Mill's delay in bringing the motion, and that its arguments should have been raised in a timely appeal. *Id.* Thus, the argument in the Motion to Vacate was clearly baseless.

The Second Circuit then held that this Court correctly found that the arguments made by Grist Mill and Mr. Carpenter were baseless and lacked merit. The Second Circuit held that both Mr. Carpenter and Grist Mill had clearly forfeited any personal jurisdiction and service of process arguments, and that they had offered no persuasive grounds to set aside this Court's finding of waiver. In fact, they found that the waiver was apparent in this Court's second turnover judgment, when this Court found that Grist Mill "agreed to accept, and accepted, service by e-mail." *Id.* at *6 (citing *Universitas Educ., LLC v. Nova Grp., Inc*., Nos. 11CV1590–LTS–HBP, 11CV8726-LTS-HBP, 2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014) (Doc. No. 474)0. It further held that Grist Mill's argument regarding lack of subject matter jurisdiction under *Peacock v. Thomas*, 516 U.S. 349 (1996), was "frivolous under [Second Circuit] precedent, as we long ago held that *Peacock* does not negate a court's ancillary jurisdiction 'over an action to collect a judgment . . . . even if the parties are non-diverse.'" *Universitas Educ.*, 2023 U.S App. LEXIS 4257 at *7 (internal citation omitted). Despite Universitas's warning that the argument was frivolous, Grist Mill nevertheless pursued the argument in its initial Motion to Vacate, (Doc. No. 678), stating that this Court needed to vacate the judgment because Grist Mill never had an opportunity to present this

2

*Peacock* argument. It was only *after* Universitas expended its time and attorney resources to respond to that argument that Grist Mill withdrew it. (Doc. No. 697).

In fact, the entire appeal was so baseless that the Second Circuit admonished appellate counsel for Grist Mill and Mr. Carpenter. *Universitas Educ.*, 2023 U.S App. LEXIS 4257 at *7 n.3 ("In light of the numerous challenges that we find to be either frivolous or baseless, counsel for Appellants are reminded that as officers of the court, they are to be mindful stewards of judicial resources and taxpayer dollars. As such, they are duty-bound to avoid pursuing frivolous appeals and presenting clearly meritless arguments to this Court. Conduct inconsistent with these obligations may result in the imposition of discipline.").

In light of the Second Circuit's decision, Universitas contends that the need for sanctions against Grist Mill's counsel, Roger Stavis and Mintz & Gold, is apparent. The Second Circuit found that all of Grist Mill's arguments on personal jurisdiction were meritless and had largely been waived over six years before it brought its Motion to Vacate. Further, it found that Grist Mill should have filed a timely appeal on the issues it brought in its Motion to Vacate and that it possessed no persuasive rationale for its failure to do so. It even found that certain arguments presented by Grist Mill were outright frivolous under the applicable precedent. These findings make clear that Grist Mill's arguments in its Motion to Vacate brought by Mintz & Gold—that it did not have the opportunity to appeal and that it did not have the opportunity to object to this Court's jurisdiction—are patently meritless and sanctionable. As such, Universitas respectfully requests that this Court grant its pending Motion for Sanctions and impose sanctions against Mr. Stavis and Mintz & Gold LLP.

Very truly yours,

                LAW OFFICES OF JOSEPH L. MANSON III

                /s/*Joseph L. Manson III*
                Joseph L. Manson III
                600 Cameron St.
                Alexandria, VA 22314
                Phone: 202-674-1450
                Email: jmanson@jmansonlaw.com
                *Counsel for Universitas Education, LLC*
                (*Admitted Pro Hac Vice*)

## **<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on this 21st day of April, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ <u>Joseph L. Manson III</u>